## PEOPLE v. YANNICOLA.

(Supreme Court, Appellate Division, First Department.　June 4, 1909.)

CRIMINAL LAW (§ 507*)—EVIDENCE—WHO IS "ACCOMPLICE."
　　In the prosecution of the president of a union for conspiracy, a witness who was a member of the union, and attended two of its meetings, and heard what accused there said, but did not participate in any of the unlawful acts shown, was not an "accomplice," within the meaning of Code Cr. Proc. § 399, providing that a conviction cannot be had upon the uncorroborated testimony of an accomplice.

　　[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1082–1096, 1098; Dec. Dig. § 507.*

　　For other definitions, see Words and Phrases, vol. 1, pp. 75–79; vol. 8, p. 7561.]

Appeal from Court of Special Sessions, New York County.

Francesco Yannicola was convicted of conspiracy, and appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Abraham Mann, for appellant.

E. Crosby Kindleberger, for the People.

PER CURIAM. The defendant was convicted of conspiracy under section 168 of the Penal Code. He was the president of a lamplighters' union, composed of employés of a street lighting company, and the gist of the charge against him is that he conspired to assault other employés of the company and prevent them from doing their work. The testimony directly implicating the defendant was given by three members of the union, and the principal ground urged for reversing the judgment is that they were accomplices, and a conviction could not be had upon their uncorroborated testimony. Code Cr. Proc. § 399.

But their testimony is not uncorroborated. Besides, one of these witnesses was not an accomplice in any view. He did not participate in any of the unlawful acts shown. He was a member of the union, attended two of its meetings, and heard what the defendant there said; but that was all. He participated in no act which made him an accomplice in the commission of the crime for which the defendant has been convicted. The defendant had a fair trial, there is an abundance of evidence to sustain the conviction, and no errors were committed which call for the interference of this court.

The judgment of conviction should therefore be affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes