In the Matter of GEORGE GASTON et al., Appellants, against FRANK J. TAYLOR, as Comptroller of the City of New York, Respondent.

Argued April 27, 1937; decided May 25, 1937.

*Roy P. Monahan* and *Francis L. Field* for appellants. Section 220 of the Labor Law (Cons. Laws, ch. 31)

applies in its entirety to petitioners as employees of the city of New York engaged as workmen, laborers and mechanics, and petitioners are entitled to an order of mandamus. (*Austin* v. *City of New York*, 258 N. Y. 113; *McNulty* v. *City of New York*, 238 N. Y. 29; *McAvoy* v. *City of New York*, 52 App. Div. 485; 166 N. Y. 588.)

*Paul Windels, Corporation Counsel* (*Arthur Bainbridge Hoff, Paxton Blair* and *Henry J. Shields* of counsel), for respondent. Subdivisions 6 to 9 of section 220 of the Labor Law are applicable only to contractors doing public work and not to municipal employees. (*McAvoy* v. *City of New York*, 52 App. Div. 485; 166 N. Y. 588; *Olsen* v. *Brooklyn Ash Removal Co.*, 268 N. Y. 693; *Matter of Carleton Co.* v. *Oigarden*, 240 App. Div. 884; 264 N. Y. 488; *Matter of Carder Realty Corp.* v. *Perkins*, 237 App. Div. 152; 261 N. Y. 634; *Matter of Carder Realty Corp.* v. *Andrews*, 239 App. Div. 618; *Matter of Heughes & Co.*, 240 App. Div. 334; *Matter of Booth & Flinn Co.* v. *Andrews*, 244 App. Div. 1; *People ex rel. Moriarty* v. *Creelman*, 206 N. Y. 570; *Bullock* v. *Cooley*, 225 N. Y. 566; *Town of Amherst* v. *County of Erie*, 260 N. Y. 361; *Austin* v. *City of New York*, 258 N. Y. 113.) Since the petitioners are engaged only in maintenance work, a peremptory order was properly refused. (*State* v. *Peters*, 112 Ohio St. 249.)

LEHMAN, J. The Legislature has provided that the wages to be paid to laborers, workmen or mechanics upon public works shall be not less than the " prevailing rate for a day's work in the same trade or occupation in the locality within the state where such public work on, about or in connection with which such labor is performed * * * is to be situated, erected or used." (Labor Law; Cons. Laws, ch. 31 [Laws of 1921, ch. 50], § 220, subd. 3.) By subdivision 5 of the same section the Legislature declared that " any person or corporation who violates any provision of this section shall be guilty of a misdemeanor," and provided the penalty that might

be visited upon the delinquent person or corporation. Having created the obligation and provided a penalty for its violation, the Legislature did not, at that time, see fit to make available to persons interested any special method for the enforcement of the obligation, or special remedy for its violation.

The omission was supplied by chapter 563 of the Laws of 1927. That statute repealed subdivision 5 of section 220 of the Labor Law; enacted a new subdivision in its place and added subdivisions 6, 7, 8 and 9 to the section. By the new subdivision 5, the Legislature defined the words "prevailing rate of wage," "locality" and "fiscal officer" as used in the article of the Labor Law which includes section 220; by the subsequent new subdivisions of the same section it has provided a method by which an "interested person" might compel the "fiscal officer," as so defined, to "require any person or corporation performing such public work to file with such fiscal officer a schedule of the wages to be paid to such laborers, workmen or mechanics" (subd. 6); to "cause an investigation to be made to determine the prevailing rate of wages in the same trade or occupation in the locality within the state where such public work is being performed" (subd. 7), and, after an investigation and hearing, to "determine the issues raised thereon" and to "make and file an order in his office stating such determination" (subd. 8). "Any person, or corporation" failing "thereafter to pay the prevailing rate of wages so determined * * * shall be guilty of a misdemeanor" (subd. 9).

In the proceedings which we must upon this appeal review, a motion made by the appellants for an order of mandamus to compel the Comptroller of the city of New York to cause an investigation to be made as provided by subdivision 7 of section 220 of the Labor Law has been denied. The appellants, it is admitted, are employed by the Independent City-owned Subway System, which is operated by the Board of Transportation of the City of New York. They are employed in the classified civil

service, under the title of "structure maintainers." Their positions are "ungraded" and they entered the civil service without competitive examination. They are manual workers engaged in maintenance work. The Comptroller's refusal to hold the investigation which the appellants have demanded was based upon the claim that section 220 of the Labor Law, and especially subdivisions 6, 7, 8 and 9 thereof, does not apply to the work performed by the appellants.

The appellants are laborers, workmen and mechanics employed upon "public works" within the meaning of the statute. That is true though they are in effect employees of the city, and not of a contractor, and their work relates to repairing and maintaining public works rather than constructing them. The letter of the statute, in its present form, might, perhaps, justify a construction which would limit to contractors the obligation to pay the prevailing rate of wages, yet when its language is read in the light of the history of the statute, it becomes clear that the Legislature intended to impose also upon the State and its municipal corporations or civil subdivisions the same obligations to pay the prevailing rate of wages to laborers, workmen and mechanics upon its "public" works, in "ungraded" or non-competitive employment in the classified public service, that it imposes upon persons or corporations constructing public works by contract with the State or a civil division thereof. (*McAvoy* v. *City of New York*, 52 App. Div. 485; affd., 166 N. Y. 588; *McNulty* v. *City of New York*, 238 N. Y. 29; *Austin* v. *City of New York*, 258 N. Y. 113; *Wood* v. *City of New York*, 274 N. Y. 155.)

The city urges that, even conceding that the *obligation* created by subdivision 3 of section 220 is imposed upon the city, as well as upon persons or corporations, entering into contracts with the city, yet the application of the statutory proceedings for its enforcement, made available to persons interested by subdivisions 6, 7, 8 and 9 of the same section, should be restricted to disputes with con-

tractors. This court in construing the scope of the obligation to pay the prevailing rate of wages, has said: " The present statute is an attempt by the State to hold its territorial subdivisions to a standard of social justice in their dealings with laborers, workmen and mechanics. It is to be interpreted with the degree of liberality essential to the attainment of the end in view." (*Austin* v. *City of New York, supra*, p. 117.) Doubtless the Legislature in enacting and in amending section 220 of the Labor Law, had in mind, primarily and insistently, the need of providing protection against possible injustice on the part of the contractors in their dealing with their laborers, workmen and mechanics. That appears clearly from the language of the section and all its subdivisions. None the less, the Legislature created an obligation which extends to all public authorities as well as to private contractors, and, in the absence of unequivocal indication of other intent, the remedial or procedural provisions of the same section should not be restricted within limits narrower than the affirmative rights and obligations which may be conveniently enforced through their application.

The wages of public employees are fixed in manner defined by law and when fixed become matters of public record. The law at times gives to an officer or board of the city plenary power to fix the salary or wages to be paid to city employees; at other times it places restrictions upon that power. One of these restrictions is that the city must pay to certain laborers the prevailing rate of wages. No officer or board can nullify that obligation by fixing wages at a lesser amount. Where the laborer challenges the amount at which his wages have been fixed, any procedure to enforce that obligation must include a method by which the prevailing rate is determined. Through such determination the wages become fixed and may then be collected by action in the same manner as wages otherwise fixed are collected by those entitled thereto.

To enforce a similar obligation of a contractor, more, at times, may be required than the determination of the prevailing rate of wages. There may be room there for disputes as to other matters. The amount of the wages fixed and paid by such contractors is not a matter of record, and production of the books and records of the contractor may be necessary for the determination of such amount. Then, too, a contractor may seek to evade his obligation to pay the prevailing rate of wages even after the rate has been fixed. The statutory method of enforcement of the obligation consequently includes not only the provision for the investigation and determination of the prevailing rate of wages by the fiscal officer but also provisions for compelling the production of schedules of wages and books and records pertaining to the rate of wages paid to employees, and, as we have already pointed out, makes refusal to pay the prevailing rate of wages a misdemeanor. In part these provisions can have no application to payment of the prevailing rate of wages by the city. They are adapted only to proceedings to enforce against contractors their obligation to pay that rate of wages.

The Legislature might appropriately include in the procedural subdivisions for the enforcement of an obligation to pay wages on public work performed by or on behalf of the city provisions which might be adapted solely to enforcement of the obligation in connection with work performed " on behalf " of the city, so long as it included also provisions adapted to enforcement in connection with work performed " by " the city. In the statute (Laws of 1927, ch. 563) which added to section 220 subdivisions 6, 7, 8 and 9 providing for a determination of the prevailing rate of wages by a " fiscal officer," the Legislature declared also that " the ' fiscal officer,' as used herein, shall be deemed to be, on public work performed *by or on behalf* of the state or a county or a village, or other civil division of the state, except a

city, the industrial commissioner; and on public work performed *by or on behalf* of a city, the comptroller or other analogous officer of such city." (Italics are ours.) (§ 220, subd. 5-c.) Certainly in this definition of " fiscal officer " we have a clear indication, if such indication were needed, that the amendment to the statute was intended to apply to all work done " by " as well as " on behalf of a city."

The statute provides that " the fiscal officer in such investigation shall be deemed to be acting in a judicial capacity " (subd. 8). His determination is subject to judicial review. The statutory method for the enforcement of the obligation of the city is not a substitute for an effective common law remedy for violation of that obligation. It is intended to supply an effective remedy where none existed before. Disputes arising in the course of the administration of public business are often left to the determination of administrative officers subject to judicial review. When a public officer acts in a judicial capacity he is no longer an agent of one party to the dispute. It cannot be said that through him the city becomes the arbiter of its own cause. He is a representative of the State, empowered to determine the dispute impartially. In this case, indeed, under the statute the fiscal officer's determination relates only to the enforcement of the city's obligation from the date of the filing of the verified complaint. Favorable determination may form the basis for a cause of action arising thereafter. There was no enforceable cause of action already in existence which would be wiped out by an unfavorable determination.

The orders should be reversed and the motion granted, with costs in all courts.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Orders reversed, etc.