Thomas W. McGrail, for Himself and Thirty-four Others, Similarly Situated, Plaintiffs, *v.* The City of New York, Defendant.*

Supreme Court, Special Term, New York County, October 30, 1937.

*Roy P. Monahan*, for the plaintiff.

*Paul Windels, Corporation Counsel* [*Nicholas Bucci* of counsel], for the defendant.

McLaughlin, J.   The defendant makes this motion for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice. The action is brought by the plaintiffs, who are employed as fire telegraph dispatchers in the bureau of fire alarm telegraph of the New York city fire department.   They ask the differences in wages received by them during the period from July 1, 1929, to April 15, 1935, and the amount paid at the prevailing rate of wages.   Section 220 of the Labor Law is involved.   If it applies to the position, the plaintiffs hold that they are not subject to each one of its provisions.   Both sides agree that there is a *modus operandi* for an employee of a contractor who feels aggrieved upon the ground that he is not receiving the prevailing rate of wages. The remedy is for him to ask the comptroller of the city of New York to fix the rate and he is bound to do so.   The fixation of the rate by the comptroller is a condition precedent to the commencement of any action.   (Labor Law, § 220.)   They disagree as to its exclusive application to employees who are in the employ of the city of New York.   This court holds that since the amendment to section 220 of the Labor Law (Laws of 1927, chap. 563), the remedy provided by that law is exclusive and must be followed by an employee before he can bring a prevailing rate action.

* Affd., 254 App. Div. 857; motion for leave to appeal denied, 255 id. 758.

There are cases which were against the city for the prevailing rate of wages in which judgments were rendered and affirmed by the Court of Appeals without going through this procedure required by section 220 of the Labor Law. The point was never raised until recently. Its applicability and exclusiveness as to method of remedy can no longer be doubted. (*Matter of Gaston* v. *Taylor,* 274 N. Y. 359.) The ruling in that case seems conclusive on this motion. The statute provides an adequate method and the procedure outlined therein must be followed for it is exclusive. That is the law. (*Matter of Gaston* v. *Taylor, supra; United States Trust Co.* v. *Mayor,* 144 N. Y. 488.) These plaintiffs have not complied with the procedure outlined as a prerequisite to the maintaining of this action and the complaint must be dismissed.

In view of this ruling it is not necessary for the court to pass upon the application of section 220 of the Labor Law, to positions in the competitive class of the civil service although the indications are that the point raised by the city is not well taken.

Motion is granted. Settle order.