In the Matter of ALFRED CARR et al., Respondents, against PAUL J. KERN et al., Constituting the Municipal Civil Service Commission of the City of New York, et al., Appellants.

Argued October 4, 1938; decided November 29, 1938.

*William C. Chanler*, Corporation Counsel (*Seymour B. Quel* and *Nicholas Bucci* of counsel), for appellants. The appropriations for the positions of " painter " made in the budget since 1935 legally established that position, notwithstanding the fact that it had not been classified under the Rules of the Municipal Civil Service Commission. The Commission acted properly in making certifications from the " house painter " lists to fill vacancies in positions as " painter." (*Story* v. *Craig*, 231 N. Y. 33.) No appropriations having been made for " house painter," the petitioners could not have been so appointed in any case and cannot now have their titles changed retroactively. (*Haswell* v. *Mayor*, 81 N. Y. 255; *People ex rel. Plancon* v. *Prendergast*, 219 N. Y. 252; *People ex rel. Steers* v. *Department of Health*, 86 App. Div. 521; 176 N. Y. 602; *People ex rel. Kenehan* v. *Higgins*, 159 App. Div. 226; *People ex rel. Kelly* v. *Dooley*, 169 App. Div. 423; *People ex rel. Steiger* v. *Collins*, 213 App. Div. 76; 241 N. Y. 526.) The similarity between the duties performed by " painters " and those formerly performed by " house painters " in the Department of Plant and Structures, as found by the trial court, is immaterial and cannot control the city's designations. (*Wood* v. *City of New York*, 274 N. Y. 155.) The entire proceeding is improper and is merely an indirect attempt upon the part of petitioners to evade the procedure required as to all claims made under the prevailing rate of wage statutes. (*Matter of Gaston* v. *Taylor*, 274 N. Y. 359; *Matter of Simpson* v. *Taylor*, 253 App. Div. 713; 278 N. Y. 643.)

*Leopold V. Rossi* for respondents. The Board of Estimate and the Municipal Civil Service Commission,

by creating a fictitious title and not legally classifying it, as required by the Civil Service Law (Cons. Laws, ch. 7), could not avoid payment of the prevailing rate of wages to employees. (*Lent* v. *City of New York*, 150 Misc. Rep. 291; 242 App. Div. 764; *People ex rel. Steiger* v. *Collins*, 213 App. Div. 76.)

FINCH, J. The petitioners have passed qualifying examinations given by the Municipal Civil Service Commission for the position of " House Painter." Four of them have had employment in the Department of Plant and Structures as " House Painters " at $9.50 a day. The New York city budget for 1935 eliminated the position of " House Painter " in the Department of Plant and Structures, and made no appropriation therefor, but provided for " Painters (Ship Repair Work) " at $8 per day, although there was no such civil service classification. The petitioners were certified together with others, some of whom declined appointment, as being eligible for the position of " Painter," and all the petitioners have accepted appointment to that position and were so employed at the time of the bringing of this proceeding. Prior to the commencement of this action, the four who had previously been employed as " House Painters " in the Department of Plant and Structures, were offered positions as " House Painters " in other city departments, but declined the appointment. All of these petitioners, although they have accepted these positions as painters, still remain eligible to be appointed as " House Painters," the list for which does not expire until 1939.

The petitioners sought an order directing that the title of the position be changed from " Painter " to " House Painter " retroactively as of the date of their appointments. The justice at Special Term granted an alternative order. After a trial it was found that there was no substantial difference in the nature and quality of the work performed after January 1, 1935, and the work performed before that date by the four petitioners

who had been employed as " House Painters " prior to that time. Thereafter a peremptory order was granted directing that the title of the position be changed from " Painter " to " House Painter." The Appellate Division, one justice dissenting, affirmed.

The civil service rules provide that when a request is made for the certification of eligibles for a vacant position, if there be no eligible list for the position, certification shall be made from the list most appropriate. (Rules of Municipal Civil Service Commission, rule V, § VII, ¶ 1.) There can be no doubt that the " House Painter " eligible list was an appropriate one to appoint from, in the absence of an eligible list for the position of " Painter." The Commissioner of Plant and Structures could not appoint any of the petitioners to the position of " House Painter " in the Department of Plant and Structures, since no appropriation was made in the budget for that position. His only alternative was to make appointment to the position of " Painter " from the most appropriate eligible list. A position may be created and appointments made to it even though the title is not enumerated in the civil service classification schedules. (*Story* v. *Craig*, 231 N. Y. 33.)

In any event, since there were no appropriations made for " House Painters," the petitioners could not have been appointed to the position of " House Painter," and hence now cannot have their titles changed retroactively to that of " House Painter." All of the petitioners were appointed to the position of " Painter " in the Department of Plant and Structures prior to January 1, 1935. At no time since that date has there been any appropriation in this department for " House Painters." So that, without regard to the validity of the creation of the position of " Painter " and the making of a budgetary appropriation therefor, the petitioners still were not entitled to be appointed as " House Painters " for which no appropriation had been made. (Cf. *People ex rel.*

*Plancon* v. *Prendergast,* 219 N. Y. 252; *Matter of Steiger* v. *Collins,* 213 App. Div. 76; affd., without opinion, 241 N. Y. 526.)

It is urged that the two positions are substantially the same, and that there was no reason for creating a new position except for the purpose of evading the prevailing rate of wages requirement. Assuming that the positions are substantially alike, this does not preclude the city from creating a new position. The city has a right to decide that a position is inappropriately titled, or that the work done under one title would more appropriately fall under another, even though the latter would involve the creation of a new title. The city at the trial offered a witness to prove that the title of " Painter," given to the petitioners, conformed to the title used for the same type of work, to wit, painting ferries in the outside labor market. The city was under no obligation to perpetuate a misdescription involved in a prior title, merely because it would have involved a higher rate of pay. (*Wood* v. *City of New York,* 274 N. Y. 155, 162.) Moreover, it cannot be said that the title " Painter " is a less apt description for those who devote most of their time to painting ferries than is the title " House Painter," for those who apparently at the most spend only about ten per cent of the time on house painting.

This brings us to the nub of the matter. Although this is a special proceeding, and the relief sought, a change of title, apparently the proceeding is designed to obtain an increased wage for the petitioners. This is apparent from the petition itself, which emphasized the fact that " House Painters " in the department and elsewhere in the city service receive $9.50 a day, whereas the petitioners receive $8 a day. Also, subsequent to the decision herein, the petitioners filed their claim with the Comptroller to recover the difference between $8 and $9.50 a day, commencing with the dates of their respective employments. Whether the petitioners are entitled to

$9.50 a day depends not on whether the position is substantially the same as the one for which the city is paying that amount, but on whether petitioners are receiving the prevailing rate of wage for the work which they are performing. At the trial the city offered to show that the budgetary appropriation of $8 per day for the petitioners was a fair one and conformed to the existing outside standard. These offers were excluded by the trial judge upon the ground that the only issue was as to similarity of position. This court has held that a city employee may obtain the prevailing rate of wages only by first making a complaint to the Comptroller and having an investigation made by him to fix the prevailing rate of wages. (*Matter of Gaston* v. *Taylor*, 274 N. Y. 359.) Nor may the Comptroller be compelled to conduct such investigation with regard to wages already paid. Such proceedings must be limited to the future. (*Matter of Simpson* v. *Taylor*, 278 N. Y. 643, affg. 253 App. Div. 713.)

The petitioners are now seeking to do in this proceeding by indirection what this court has held cannot be done directly. Petitioners seek to obtain a retroactive change of title to lay the basis for retroactively claiming a higher wage attendant upon the title of "House Painter," and thus seek to avoid the necessity of proving that they are receiving less than the prevailing rate of wages for the work performed by them.

The petitioners are not entitled to a peremptory order directing a change in the title of the position.

The orders appealed from should be reversed, and the proceeding dismissed, with costs.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur; LEHMAN, J., taking no part.

Orders reversed, etc.