THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAM HERSON, MORRIS FRIEDLANDER, JOSEPH KREISBERG, SAMUEL WEINSTEIN, LOUIS YUKELSON, IRVING GLASSER, LOUIS GLASSER, JAMES ABISROR, SAMUEL JENKS, ADOLPH UNGER, WILLIAM SWIRNOW, SAMUEL ZIFF, SAMUEL SWIRNOW, MEYER BERSON, BENJAMIN MARKOWITZ (True Name ISIDORE MARKOWITZ), EDWARD GROVE, MARTIN GOLDSTEIN and SEYMOUR MAGOON, Appellants, and Two Others, Defendants.

Second Department, January 9, 1939.

*William W. Kleinman,* for the appellants Morris Friedlander, James Abisror and Samuel Jenks.

*Robert Daru* [*Daniel S. Levy* with him on the brief], for the appellants Joseph Kreisberg and Adolph Unger.

*Stephen Callaghan* [*Ralph Stout* and *Barnett J. Nova* with him on brief], for the appellants William Swirnow, Samuel Swirnow and Louis Yukelson.

*Norman Roth* [*William Howard Lundin* with him on the brief], for the appellants Edward Grove and Meyer Berson.

*Sydney Rosenthal* [*Sol A. Klein* with him on the brief], for the appellants Martin Goldstein and Seymour Magoon.

*Sol A. Klein,* for the appellants Sam Herson and Samuel Weinstein.

*Maurice Edelbaum,* for the appellants Samuel Ziff and Isidore Markowitz.

*David F. Price,* for the appellants Irving Glasser and Louis Glasser.

*John C. Crary, Assistant Attorney-General* [*John J. Bennett, Jr., Attorney-General,* and *John F. X. McGohey* and *Bernard Bienstock, Assistant Attorneys-General,* with him on the brief], for the respondent.

PER CURIAM. The trial court disregarded section 1938 of the Penal Law, which provides that an act made criminal and punishable in different ways may be punished under one of the provisions of law relating thereto, but not under more than one. The court should have indicated to which counts it allocated the testimony it credited as against each defendant, so that this court could review the judgments with more ready understanding, and so that a defendant deeming himself aggrieved could more intelligently prosecute his appeal.

The evidence did not prove a conspiracy to violate section 340 of the General Business Law.

The contracts sufficiently proved the prevailing rate of wages for painters. The cases invoked to the contrary are pertinent only

where there is no contract containing a provision establishing the prevailing rate or where there is a contract and it fails to carry a fixation of prevailing rates. The obligation of the contractor in each contract was that the wages fixed in the contract were " to be paid for all labor covered by and performed under this contract." Each contract carried a fixation of wages to be paid, and it is presumed that the fiscal officer referred to in the contract performed his duty. (*People* v. *Fisher*, 223 N. Y. 459, 464.)

The contracts provided but one rate of compensation for painters, and the schedules required that such rate be paid for all labor performed under the contracts which concerned " painters and decorators." There was no subdivided classification of types of painting, as was the case with certain other trades. The directory provisions in regard to " painters finish " did not imply that painting other than the finish coat could be performed by individuals receiving less than the prevailing rate fixed in the contract. As a consequence of the express terms of the contract, the fact that some of this work, other than the finish coats, could be performed by apprentices is immaterial. The fact is conclusively established that the work, other than the finish coats, was not performed by apprentices, even though it be claimed it could have been so performed. The form of contract subsequently used on other jobs, which carried a different rate for work to be done by apprentices, contemplated the doing of such work by *bona fide* first, second, third or fourth year apprentices, not by journeymen of many years experience, as on the jobs here involved. A different interpretation of the terms of this contract, with its single classification and single fixation of rate of wages, would be an invitation to evade and violate the statute and frustrate its purpose by means of having the bulk of the painting work done by painters who would receive less than the prevailing rate. Here it was established that each of the contractors who paid less than the prevailing rate did so to individuals who in fact did finish work, although they also did work other than finish work. This made a question of fact that sustains the trial court's determination that the labor section was violated, even within the limited field of finish work.

The evidence did not establish a conspiracy to commit petit larceny in violation of section 25-a of the Lien Law and section 1302 of the Penal Law, nor did it establish violations of the seven counts based on these two statutes. Section 25-a of the Lien Law may not fairly be interpreted as contemplating a prosecution for petit larceny based on a withholding of wages as a consequence of a difference between a contractor and an employee regarding the

lawful rate payable to the employee, where there has been an agreement to pay on a different per diem basis and where a difference between the amount paid to the employee and the amount made the basis of a criminal prosecution was not made the subject of a " claim " as that word is used in section 25-a of the Lien Law. To hold otherwise would be to disregard the basic doctrine that one may not be called upon to respond to a criminal charge unless such a charge is founded upon a clear and definite statutory provision, free from doubt as to its true nature and extent.

The evidence established the guilt of defendants Friedlander, Irving Glasser, Yukelson and Jenks (named in the overt acts) of a violation of section 220 of the Labor Law. They were also shown to have been guilty of a conspiracy to violate that act in conjunction with defendants Ziff, William Swirnow and Abisror, who likewise violated section 220 of the Labor Law, although the incidents involving them were not named in the overt acts. The seven separate counts relating to a violation of section 220 of the Labor Law were charged as part of a common scheme or plan and in effect were a conspiracy charge identical, as to charge, with count No. 2 (conspiracy to violate section 220 of the Labor Law), and duplicative in part of the specification of acts in that count charging a conspiracy to violate section 220 of the Labor Law. The conspiracy established by the evidence was less broad in scope than that asserted by the prosecution. Its breadth, as established, however, included a conspiracy by some of the members of the Brooklyn and Queens Contractors' Association to violate section 220 of the Labor Law by paying less than the prevailing rate of wages on school jobs in the county of Kings. Conspiracy and common scheme or plan rest upon similarity of unlawful acts, both as to time, place, character and circumstances under which they were committed, and the proof of intendment to co-operative acts by these defendants, closely associated with each other, was sufficient to warrant the trier of the fact in inferring concurrence of sentiment and concerted action. (*People* v. *Miles*, 123 App. Div. 862, 869; affd., 192 N. Y. 541; *People* v. *Luciano*, 277 id. 348, 362.)

The evidence amply established that defendants Louis Glasser and Markowitz and Samuel Swirnow were participants in the conspiracy, aiding and abetting, as principals, under section 2 of the Penal Law. In fact, defendant Markowitz was a participant as a member of the firm of Markowitz & Ziff, apart from being on the job for which the firm had the contract. (*Verona Central Cheese Co.* v. *Murtaugh*, 50 N. Y. 314, 319, 320.)

There was no evidence that defendants Berson, Grove, Unger, Weinstein and Kreisberg were parties to, or participated in, the conspiracy to violate section 220 of the Labor Law. (*People* v. *Yannicola,* 133 App. Div. 885; *People* v. *Katz,* 209 N. Y. 311, 334; *People* v. *Swersky,* 216 id. 471, 476.) The testimony purporting to quote defendant Unger was exculpatory, a recital of complaint or grievance, and was not in furtherance of any conspiracy. (*People* v. *Ryan,* 263 N. Y. 298, 305; *People* v. *Miles, supra.*)

There was evidence which established *prima facie* resort to intimidation on two school jobs, but that evidence did not establish that resort to gangster methods was any part of the conspiracy to violate section 220 of the Labor Law. The evidence that jobs of members of the conspiracy, particularly of the president of the association, were picketed without molestation, established that resort to such methods was not part of the conspiracy. The proof, therefore, did not suffice to establish that the scope of the conspiracy extended to and included resort to the services of gangsters. This proof, if accepted, indicated separate individual acts confined exclusively to the jobs and individuals concerned. This does not mean, however, that the proof of resort to intimidation may not be sufficient, *prima facie,* to sustain a prosecution directed against the individuals involved in those incidents; nor does it mean the contrary. Conspiracy is a crime separate and apart from the direct violations of law involved in the conspiracy to violate them. (*People* v. *Tavormina,* 257 N. Y. 84.) Hence defendants Goldstein and Magoon were improperly included as members of the conspiracy, and improperly convicted as such.

The trial court did not credit the testimony which, if accepted, would have required the conviction of Lazar, who was acquitted. This same body of proof is the only evidence to sustain the conviction of Sam Herson; but since it was not believed by the trial court as to Lazar, it may not be invoked to convict Sam Herson.

The judgments against Meyer Berson, Edward Grove, Adolph Unger, Samuel Weinstein, Joseph Kreisberg, Sam Herson, Martin Goldstein and Seymour Magoon should be reversed on the law, informations dismissed and bail exonerated.

The judgments against Morris Friedlander, Louis Yukelson, Irving Glasser, Louis Glasser, James Abisror, Samuel Jenks, William Swirnow, Samuel Ziff, Samuel Swirnow and Benjamin Markowitz (true name, Isidore Markowitz) should be modified so as to provide that they are convicted only on the count charging them with conspiracy to violate section 220 of the Labor Law and on seven counts charging them with direct violations of section 220 of the

Labor Law as part of a common scheme and plan; and, as to Irving Glasser, Louis Glasser, Samuel Jenks and Morris Friedlander, that they be committed to the workhouse for six months. As so modified, the judgments should be affirmed.

Appeals from orders should be dismissed.

In each case: LAZANSKY, P. J., CARSWELL, JOHNSTON, TAYLOR and CLOSE, JJ., concur.

In the Berson, Grove, Unger, Weinstein, Kreisberg, Goldstein and Magoon cases:
Judgment of conviction of the Court of Special Sessions of the City of New York, Borough of Brooklyn, reversed on the law, information dismissed and bail exonerated.

Appeal from orders dismissed.

In the Herson case:
Judgment of conviction of the Court of Special Sessions of the City of New York, Borough of Brooklyn, reversed on the law, information dismissed and bail exonerated.

In the Friedlander, Irving Glasser, Louis Glasser and Jenks cases:
Judgment of conviction of the Court of Special Sessions of the City of New York, Borough of Brooklyn, modified so as to provide that defendant is convicted only on the count charging him with conspiracy to violate section 220 of the Labor Law and on seven counts charging him with direct violations of section 220 of the Labor Law as part of a common scheme and plan, and that he be committed to the workhouse for a period of six months; and, as so modified, affirmed.

Appeal from orders dismissed.

In the Yukelson, Abisror, William Swirnow and Samuel Swirnow cases:
Judgment of conviction of the Court of Special Sessions of the City of New York, Borough of Brooklyn, modified so as to provide that defendant is convicted only on the count charging him with conspiracy to violate section 220 of the Labor Law and on seven counts charging him with direct violations of section 220 of the Labor Law as part of a common scheme and plan; and, as so modified, affirmed.

Appeal from orders dismissed.

In the Ziff and Markowitz cases:
Judgment of conviction of the Court of Special Sessions of the City of New York, Borough of Brooklyn, modified so as to provide

that defendant is convicted only on the count charging him with conspiracy to violate section 220 of the Labor Law and on seven counts charging him with direct violations of section 220 of the Labor Law as part of a common scheme and plan; and, as so modified, affirmed.