NICHOLAS CIRILLO, Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

(2 actions.)

Supreme Court, Trial Term, New York County, February 17, 1939.

_Medina & Sherpick_ [_Eugene A. Sherpick, William Gilbert_ and _James J. Regan_ of counsel], for the plaintiff.

_William C. Chanler, Corporation Counsel_ [_Nicholas Bucci_ of counsel], for the defendant.

BERNSTEIN, J. The plaintiff, an auto machinist employed in the department of sanitation of the city of New York, has brought these actions to recover the sum of one dollar a day for each working day of his employment during the years 1927 to 1932, inclusive. The actions are test actions, and the decisions, under the stipulation of the parties, are to apply to the cases of some 250 employees of the city who are similarly situated.

It appears from the evidence that the city employs certain mechanics under two distinct titles, " machinists " and " auto machinists." Both titled positions are under civil service, and both are in what is known as the labor class. To qualify one for appointment as machinist the applicant must have taken and passed an examination specifically prescribed for such position. To qualify one for appointment as auto machinist the applicant must not only have taken and passed the examination for machinist, but must also have taken and passed a second examination covering a knowledge of automobile machinery.

The plaintiff in these actions took and successfully passed both examinations prior to 1927, and, although called on occasionally to do the work of a machinist, he was classified as an auto machinist and regularly assigned to the work of an auto machinist.

During 1927, 1928 and 1929 the persons employed by the city under the title of machinist were paid at the rate of eleven dollars per day, while the plaintiff and all others employed as auto machinists were paid at the rate of ten dollars per day. In August, 1930, about 148 of these auto machinists (but not including the plaintiff) filed a claim with the city comptroller, under the provisions of section 261 of the Greater New York Charter, for the difference of one dollar per day for those three years upon the contention that they were entitled to the same rate of pay as the machinists were receiving. The comptroller thereupon made an inquiry into the facts and reported that, although the prevailing rate of wages paid to automobile machinists in private service in the city did not exceed eight dollars and seventy-five cents per day, the duties of the two positions appeared to be interchangeable, and that, to avoid a threatened law suit, he recommended that those 148 claimants be paid the additional one dollar per day for those three years. Under that recommendation such payments were subsequently made. But for the succeeding three years, 1930, 1931 and 1932, while the pay of the machinists continued at eleven dollars per day, all the auto machinists in the service of the city were again paid only at the rate of ten dollars per day. The plaintiff and all the other auto machinists similarly situated thereupon protested those payments, filed claims for adjustment and brought these actions.

The plaintiff contends, firstly, that for the entire six-year period the payment of an eleven-dollar rate to machinists fixed the rate of wages of auto machinists, who constituted only a higher class of machinists, and, secondly, that for the three-year period of 1927, 1928 and 1929 the allowance by the comptroller of the claims of those 148 auto machinists fixed the rate of pay of *all* auto machinists at eleven dollars per day. He argues, not entirely without logic, that not only is the policy of the State committed to the principle of equal pay for equal work, but that the city has, by the act of its comptroller, virtually fixed such an equal pay rate for both machinists and auto machinists.

The difficulty of the plaintiff's position, however, arises from the fact that in these actions his legal rights are measured by statutory provisions (Labor Law, § 220). Under those provisions, as construed by the courts, he must both allege and prove that the comptroller has, on his own initiative or on the verified complaint of an interested party, made an investigation to determine the prevailing rate of wages, and made and filed an order thereon fixing such prevailing rate. (*Ziegler* v. *City of New York*, 253 App. Div. 764; *Olsen* v. *Brooklyn Ash Removal Co.*, 268 N. Y. 693.)

He must show that he was not paid in accordance with the rate fixed. And finally he must institute his action within three months after the service of notice of the filing of the order. Those requirements are directly applicable to the employees of the city. (*Matter of Gaston* v. *Taylor*, 274 N. Y. 359.) The plaintiff here has failed in all those requirements of the statute.

Moreover, it is quite clear that the action of the comptroller on the claims of the 148 auto machinists was not a fixing of the prevailing rate of wages for such workers. It was, at most, only an adjustment under section 149 of the Greater New York Charter of claims filed under section 261 of such charter, for the stated purpose of avoiding a law suit. It cannot, therefore, be the basis of an action under section 220 of the Labor Law. (*McGrail* v. *City of New York*, N. Y. L. J. Nov. 1, 1937, p. 1450; affd., 254 App. Div. 857.) If it were intended as a fixing of the prevailing rate of wages, it would be ineffectual for that purpose because the comptroller has no power to fix such rate for a period of time antedating the filing of a complaint. (*Matter of Carr* v. *Kern*, 279 N. Y. 42.)

Complaints dismissed on the merits. Thirty days' stay and sixty days to make a case.