ROCCO FATA, Respondent, v. S. A. HEALY COMPANY, Appellant.—Order denying a motion to dismiss the complaint for insufficiency reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. It is conceded that the plaintiff has not attempted to comply with section 220 of the Labor Law (Cons. Laws, ch. 31). Such compliance is a condition precedent to the plaintiff's right to bring an action. The provision of the Labor Law is intended to supply a remedy to the aggrieved party where none had previously existed. (*Matter of Gaston* v. *Taylor*, 274 N. Y. 359.) The remedy thus supplied is exclusive. (*Matter of Gaston* v. *Taylor*, *supra*.) The plaintiff's contention that he is a third-party beneficiary of the contract is untenable. Before the

doctrine enunciated in *Lawrence* v. *Fox* (20 N. Y. 268) and kindred cases, can be made applicable, it must appear that the parties to the contract intended that such third party would be benefited. Where the provisions of the contract relied upon are included pursuant to the command of the statute, no such voluntary intention can be inferred. (*People ex rel. Rodgers* v. *Coler*, 166 N. Y. 1.) Under the circumstances present here the employee cannot seek to take advantage of one provision of the statute and disregard the others. The contract is a purely statutory contract and compliance with its provisions must be alleged. (*Anderson* v. *City of New York*, 243 App. Div. 731.) Johnston, Adel and Close, JJ.; concur; Taylor, J., dissents and votes to affirm the order, with the following memorandum: In my opinion the complaint states facts sufficient to constitute a cause of action. Under subdivision 7 of section 220 of the Labor Law (Cons. Laws, ch. 31) there are provided alternative methods of determining the prevailing rate of wages in the same trade or occupation in the locality. The fiscal officer (in this case the city comptroller) may make such determination (1) after an investigation undertaken of his own volition, and (2) must make such investigation and determination " on a verified complaint in writing of any person interested." Here the determination was made of the comptroller's own volition before the contract was let. The prevailing rate of wages so determined was incorporated in the contract signed by the defendant. (Labor Law, § 220, subds. 3 and 3-a.) Presumably the comptroller performed his duty. (*People* v. *Fisher*, 223 N. Y. 459, 464.) Both the determination and the contract preceded plaintiff's employment, and were controlling as to the wages to be paid to him (*Matter of Carr* v. *Kern*, 279 N. Y. 42, 48; *People* v. *Herson*, 255 App. Div. 645, 647, 648); hence, there was no occasion for a complaint by the plaintiff or for a further investigation and determination in the interest of the defendant, which accepted the determination already made when it signed the contract. Such investigation must be limited to the future. (*Matter of Carr* v. *Kern*, *supra*, citing *Matter of Simpson* v. *Taylor*, 278 N. Y. 643.) Defendant's interpretation of subdivision 7 would render meaningless the provision that the comptroller may make an investigation and a determination of his own volition, and in effect would strike it from the act. " The Legislature did not have in view a vain and nugatory enactment." (*Lamport* v. *Smedley*, 213 N. Y. 82, 86.) Plaintiff is one of the class of persons for whose benefit the contract was made and may maintain an action thereon. (*Lawrence* v. *Fox*, 20 N. Y. 268; *McClare* v. *Massachusetts Bonding & Ins. Co.*, 266 id. 371, 378, 379; *Strong* v. *American Fence Construction Co.*, 245 id. 48, 53; *Gulla* v. *Barton*, 164 App. Div. 293, 295.) Persons employed by the contractor are clearly intended to be benefited by the terms of the contract prescribing their proper and lawful compensation for work performed by them for him. Plaintiff is in that category. A distinct trend in relation to the doctrine of *Lawrence* v. *Fox* (*supra*) is noted in *McClare* v. *Massachusetts Bonding & Ins. Co.* (*supra*, at p. 379), where Finch, J., writes as follows: " As Chief Judge Cardozo said in *Ultramares Corp.* v. *Touche* (255 N. Y. 170, at p. 180): ' The assault upon the citadel of privity is proceeding in these days apace. * * * In the field of the law of contract there has been a gradual widening of the doctrine of *Lawrence* v. *Fox*

(20 N. Y. 268), until today the beneficiary of a promise, clearly designated as such, is seldom left without a remedy (*Seaver* v. *Ransom*, 224 N. Y. 233, 238).' " The class of persons benefitted by the contract here is sufficiently narrow in scope. (*McClare* v. *Massachusetts Bonding & Ins. Co.*, supra, at pp. 379, 380.) The plaintiff has rights as a beneficiary of the contract, which rights exist under the thus judicially extended doctrine of *Lawrence* v. *Fox* (*supra*). In *Anderson* v. *City of New York* (243 App. Div. 731) the question of the applicability of the doctrine was not raised. (See *Fetterman* v. *Title Guarantee & Trust Co.*, 254 App. Div. 704.) Lazansky, P. J., concurs with Taylor, J.