E. Ivan Rubenstein, J.
Plaintiffs, who are city-employed welders, each seek to recover from the city the sum of $2,651.47 which they allege is the value of their vacations and the city’s contributions to their pension funds for the period 1938 to 1946 inclusive. Plaintiffs allege that according to certain provisions *201 of law they are entitled to vacations with pay and contributions by the city toward their pension benefits but that the city has failed to accord them, these rights. In the affidavit submitted in support of their motion for summary judgment, plaintiffs admit that the city has fulfilled from year to year its obligations since 1938 with respect to such vacations and contributions to the pension funds but assert that the city subsequently deprived them of such benefits by the following procedure:
Having considered themselves aggrieved at the rate of wages paid them by the city, plaintiffs in 1945 filed a complaint with the comptroller of the City of New York demanding a fixation by him of the applicable prevailing rate of wages for welders pursuant to section 220 of the Labor Law. After holding hearings and conducting an investigation, the comptroller made a determination on February 6, 1946 establishing certain rates of pay for welders for each year within the period from 1938 to December 21, 1945. In fixing such wages, the comptroller deducted the reasonable monetary value of the vacation and pension benefits granted by the city to the plaintiffs and offered to pay each of the plaintiffs the differentials in back wages after making the aforesaid deductions which amounted to approximately 10%. Plaintiffs refused to accept the same contending that by taking such deductions the city was making them pay for the vacation and pension benefits which rightfully should be paid by the city.
There is no dispute about the fact that the comptroller was in error in making the afore-mentioned 10% deduction in fixing the prevailing rate of wages to be paid plaintiffs. (Matter of Giannettino v. McGoldrick, 295 N. Y. 208.) This obligation of the city, however, to pay wages at “ not less than the prevailing rate ” exists only by fiat of the Legislature, and the remedy nrovided by the Legislature for violation of the obligation it has created, is exclusive. In Matter of Gaston v. Taylor (274 N. Y. 359) the Court of Appeals significantly observes that the statutory method for the enforcement of the obligation of the city to pay the prevailing rate of wages is not a substitute for an adequate common-law remedy for violation of that obligation. “ [The statute] is intended to supply an effective remedy where none existed before.” (P. 366, italics supplied.) The statute (Labor Law, § 220) itself specifies an adequate method for fixing and collecting such prevailing rate of wages and provides in part that if a party to the proceedings feels aggrieved by the fixation made by the comptroller, such party may seek a review of the comptroller’s determination by “ writ of certiorari within thirty days from the notice of the filing *202 of the order in the office of the fiscal officer.” (Labor Law, § 220, subd. 8.) This section also states that an action may be instituted within three months after the service of notice on the filing of such final order in the proceeding for the recovery of the difference between the sum actually paid and the amount which should have been paid as determined by .said order.
In the present case plaintiffs made no application to review the comptroller’s determination within the 30-day time limitation specified in the afore-mentioned statute. It is to avoid the consequences of such failure that plaintiffs have brought the present action, seeking to do by indirection that which they may not do directly by reason of the lapse of time. In my opinion plaintiffs are bound by the exclusive statutory remedies afforded them under the Labor Law and must comply with the procedure outlined therein as a prerequisite to maintaing this action. (McGrail v. City of New York, 171 Misc. 55, affd. 254 App. Div. 857; Matter of Gaston v. Taylor, supra.) Nor is the failure on the part of the plaintiffs to seek relief by way of a certiorari to review within the statutory time limitation, such an irregularity for which this court could afford relief. (People ex rel. Northchester Corp. v. Miller, 288 N. Y. 163, 169.) There the court said: “ The default by the taxpayer, who inadvertently failed to cause the writ to be issued and served prior to the statutory date, was not an irreguarity for which Special Term could afford relief. ‘ The rules and practice of the court being established by the court, may be made to yield to circumstance, to promote the ends of justice. Not so as to a statute; it is unbending, requiring implicit obedience as well from the court as from its suitors.’ (Jackson v. Wiseburn, 5 Wend. 136, 137; Wait v. Van Allen, 22 N. Y. 319, 321.) The default was jurisdictional. ’’
Plaintiffs ’ motion for summary judgment is denied and defendant’s cross motion is granted.