Joseph F. Guercio et al., Plaintiffs, and Angelo Albanese et al., Respondents-Appellants, *v.* Lawrence E. Gerosa et al., Constituting the Board of Transportation of the City of New York, et al., Appellants-Respondents.

First Department, June 4, 1959.

*Morris Weissberg* of counsel (*Lester G. Knopping, Julius A. Hellebrand, William F. Cioffi* and *John J. De Lury* with him on the brief), for respondents-appellants.

*Leon A. Fischel* of counsel (*Seymour B. Quel* with him on the brief; *Charles H. Tenney, Corporation Counsel,* attorney), for appellants-respondents.

STEVENS, J.   These are cross appeals from an order of Special Term entered May 27, 1958.

The plaintiffs-respondents-appellants (herein referred to as " plaintiffs ") appeal from so much of the order as dismissed the first cause of action.

Defendants-appellants-respondents (herein called " defendants ") appeal from so much of that order as denied their motion to dismiss the second cause of action for insufficiency pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice.

This action, begun in 1954, for prevailing rate of wages, was brought under subdivision 3 section 220 of the Labor Law which provides, in part, that wages paid for a legal day's work " to laborers, workmen or mechanics upon such public works, shall be not less than the prevailing rate of wages as hereinafter defined."

The plaintiffs were employed between January 1, 1935 and February 25, 1943, in the Board of Transportation as laborers, workmen or mechanics.   In that interval, certain persons similarly employed, but not these plaintiffs, filed verified complaints with the Comptroller of the City of New York, requesting the Comptroller to investigate and determine the prevailing rate of wages for their work.

No action was taken by the Comptroller upon such complaints, and litigation ensued which culminated in a decision by the Court of Appeals on May 25, 1937, which granted an order of mandamus directing the Comptroller to investigate and determine the prevailing wage rate of the petitioners.   (*Matter of Gaston* v. *Taylor,* 274 N. Y. 359.)

The Comptroller failed to act and a motion was made by the complainants on January 17, 1938, to punish the Comptroller for contempt.   The motion was withdrawn when the Comptroller agreed to make the necessary investigations and hold hearings.   This agreement was not kept, and on June 16, 1942, another proceeding was instituted to compel the Comptroller to make such investigations.   Thereafter hearings were held at various times, beginning late in 1942 and continuing to April 12, 1945.   Meanwhile in April, 1941, subdivision 7 of section 220 was amended (L. 1941 ch. 656) to require the Comptroller to make a rate determination within six months after the filing of a verified complaint.

May 12, 1945, the Comptroller granted a motion by the Corporation Counsel to expunge from the record all testimony previously taken, but reserved decision upon a motion to dismiss the proceeding on the ground that the jobs of complainants had become classified into civil service by reason of resolution adopted and approved which deprived the Comptroller of jurisdiction and terminated any rights the complainants might have to the prevailing rate of wages. January 24, 1947, the Comptroller granted the motion.

Litigation ensued which eventuated in a decision by the Court of Appeals on May 29, 1952, that the attempted reclassification into a salary grade was ineffective up to February 25, 1943, and remanded the matter to the Comptroller. (*Matter of Corrigan* v. *Joseph*, 304 N. Y. 172.)

An investigation was undertaken and a wage agreement concluded May 21, 1953, settling and discontinuing the then pending proceedings. It is conceded that these plaintiffs did not file verified complaints with the Comptroller before February 25, 1943, and were not parties to the proceedings referred to above.

Plaintiffs now seek to recover additional compensation for their work prior to February 25, 1943, and assert that they have the option to accept the terms or benefits of the wage settlement (first cause of action), or to maintain an action under section 220 to recover the difference in compensation paid to them and the prevailing rate of wages to be determined by the Comptroller for the period from May 25, 1937 to and including February 24, 1943 (second cause of action).

The defendants contend (1) that plaintiffs are not entitled to recover a wage differential for the period sought (1937–1943) since they did not file verified complaints prior thereto; (2) that they were not parties to the agreement which covered a period antedating the filing of plaintiffs' verified complaints, and are not entitled to the benefits of such agreement.

Plaintiffs claim that they had a statutory right to be paid prevailing wages prospectively, that determination of such wage was delayed by acts of defendants for 18 years, and then the proceedings were settled and discontinued without making any determination. Consequently, they argue, they are entitled either to the benefits of the settlement or defendants should be compelled to fix and pay them prospective and prevailing wages from and after the date when defendants should have made such determination.

While the then Comptrollers unquestionably delayed an unreasonably long time in taking any steps whatsoever, it was within the power of these plaintiffs to have taken action to protect themselves. This is a statutory proceeding and the language of the statute, so far as here pertinent, provides — "The fiscal officer [Comptroller] as herein defined may, on his own initiative, and *must*, on a verified complaint in writing of any person interested, cause an investigation to be made to determine the prevailing rate of wages in the same trade or occupation in the locality within the state where such public work is being performed, or the hours of labor performed by the workmen, laborers and mechanics employed on such public work, or both." (Labor Law, § 220, subd. 7; L. 1927, ch. 563.) (Emphasis supplied.)

After an investigation or hearing "When a final determination has been reached, if the determination is in favor of the complainant and involves or relates to the rate of wages paid on such public work, the complainant *or any other person affected* may within three months * * * institute an action * * * for the recovery of the difference * * * as determined by said final order, *from and after the date of the filing of said verified complaint* or of filing report of investigation made on his own initiative with the fiscal officer, as hereinabove provided." (Labor Law, § 220, subd. 8; L. 1927, ch. 563.) (Emphasis supplied.)

There was no independent investigation by the Comptroller on his own initiative and since the plaintiffs did not file complaints, the date of determination for recoupment by reason of wage differentials cannot be fixed from the filing of a verified complaint. As members of a group engaged in similar employment, plaintiffs at most would be entitled prospectively to the benefits of any determination had one been made, but could not recover benefits antecedent to the Comptroller's order. (*Campbell* v. *City of New York,* 291 N. Y. 461, 466.) Conversely, not having been parties to the proceedings they could not have been bound by a determination "in the same sense as the employee who initiated the investigation." (*Matter of Heaney* v. *McGoldrick,* 286 N. Y. 38, 44.) The phrase "other persons affected" has been held to exclude those of the same designation who do not file complaints. (*Campbell* v. *City of New York, supra*; see, *Matter of Carr* v. *Kern,* 279 N. Y. 42, 48.)

When the Comptroller acts in a prevailing wage matter under section 220 he is "deemed to be acting in a judicial capacity, and shall have the right to issue subpœnas, administer oaths and examine witnesses." (Labor Law, § 220, subd. 8) "When

a public officer acts in a judicial capacity he is no longer an agent of one party to the dispute. \* \* \* He is a representative of the State, empowered to determine the dispute impartially." (*Matter of Gaston* v. *Taylor*, 274 N. Y. 359, 366.) The City of New York cannot be held liable on the theory of agency for the failure of the Comptroller to act on his own initiative as to these plaintiffs, nor did these plaintiffs avail themselves of the machinery of the statute whereby the Comptroller could have been compelled to act or, alternatively, be subject to liability by reason of such failure if in fact a differential were found to exist.

Absent a determination of a prevailing wage prior to the date of classification and effective grading in a proceeding to which these plaintiffs were parties, or the initiation of statutory proceedings by these plaintiffs before that date, the defendants cannot be held liable. For when positions are properly classified and graded, the prevailing rate of wages formula is no longer applicable. (*Matter of Corrigan* v. *Joseph*, 304 N. Y. 172, *supra.*)

The argument advanced that since the Comptroller failed to make a determination the court should consider that done which would have been done is without merit. This is, as previously pointed out, a statutory proceeding and the investigation and hearings contemplated by the statute are more than mere ministerial acts.

Nor is support for a contrary view afforded by the ruling in *Harman* v. *Board of Educ. of City of N. Y.* (300 N. Y. 21). In that case actual schedules were in effect when By-Law section 95 (subd. 8[b]), dealing with credits to be allowed teachers, was adopted. The by-law was not filed as the statute required. The court concluded that the command of the statute was merely directory, and " The act of filing was a ministerial duty ", the omission of which was not fatal to validity (p. 30).

The amendment of 1941, requiring that a determination be made within six months after the filing of a verified complaint, is directory, not mandatory (see *Matter of Brenner* v. *Bruckman*, 253 App. Div. 607; cf. *Harman* v. *Board of Educ. of City of N. Y., supra*) and cannot be availed of by these plaintiffs.

The agreement of settlement was not a determination of a prevailing wage but an adjustment of differences between the parties which could only affect or bind the parties thereto. Since the plaintiffs were not parties, they cannot claim any benefits flowing therefrom. The first cause of action, therefore, was properly dismissed.

The order appealed from should be modified on the law so as to grant the defendants' motion to dismiss the second cause of action.

As so modified, the order should be otherwise affirmed, without costs to either party.

BOTEIN, P. J., RABIN, M. M. FRANK and VALENTE, JJ., concur.

Order so far as appealed from unanimously modified on the law so as to grant defendants' motion to dismiss the second cause of action, and, as so modified, affirmed, without costs to either party.