JOHN L. CAMPBELL, Respondent, *v.* CITY OF NEW YORK, Appellant.

Reargued December 1, 1943; decided December 8, 1943.

*Robert H. Schaffer, Acting Corporation Counsel (John G. Clancy, James Hall Prothero* and *Paul E. Fusco* of counsel), on original argument, and *Ignatius M. Wilkinson, Corporation Counsel (John G. Clancy, Nicholas Bucci* and *Howard C. Fischbach* of counsel), on reargument, for appellant. Plaintiff admittedly is not a " complainant." He is not a " person affected " within the contemplation of subdivision 8 of section 220 of the Labor Law by the Comptroller's determination, for any period prior to November 10, 1939, the date of such determination. Defendant's motion for summary judgment should therefore have been granted. (*Matter of Heaney* v. *McGoldrick,* 286 N. Y. 38; *Matter of Gaston* v. *Taylor,* 274 N. Y. 359; *Matter of Rooney*

v. *McGoldrick*, 280 N. Y 632; *Matter of Mount Hope Development Corp.* v. *James*, 233 App. Div. 284, 258 N. Y. 510; *Matter of Carr* v. *Kern*, 279 N. Y. 42; *Matter of Simpson* v. *Taylor*, 278 N. Y. 643; *Bouton* v. *Van Buren*, 229 N. Y. 17; *Adelson* v. *Sacred Associates Realty Corp.*, 192 App. Div. 601; *Bickford's Inc.* v. *Federal Reserve Bank of New York*, 5 F. Supp. 875; *Warnock Uniform Co.* v. *Garifalos*, 224 N. Y 522.)

*David A. Savage* and *Maurice Breen* for respondent. Plaintiff is a " person affected " by the determination of the Comptroller, under paragraph 8 of section 220 of the Labor Law, and was entitled to recover the prevailing rate as determined by the Comptroller's determination from the date of filing the verified complaint. (*People* v. *Dethloff*, 283 N. Y. 309; *Matter of Carder Realty Corp.* v. *Perkins*, 237 App. Div. 152, 261 N. Y. 634; *Matter of Heaney* v. *McGoldrick*, 286 N. Y. 38; *McAvoy* v. *City of New York*, 52 App. Div 485, 166 N. Y. 588; *Ryan* v. *City of New York*, 177 N. Y. 271; *McMahon* v. *Mayor of the City of New York*, 22 App. Div. 113; *McCunney* v. *City of New York*, 40 App. Div. 482; *McCann* v. *City of New York*, 52 App. Div. 358, 166 N. Y. 587; *Campbell* v. *City of New York*, 244 N. Y. 317; *Wright* v. *State*, 223 N. Y. 44; *Austin* v. *City of New York*, 258 N. Y. 113.)

LEWIS, J. The statute law of this State requires that the wages of laborers, workmen and mechanics engaged upon public works shall be not less than the rate prevailing in the same trade or occupation in the locality where the public work is being performed. (Labor Law, § 220.)

On November 10, 1939, the Comptroller of the City of New York, having followed procedure set forth in section 220 id., filed in his office an order by which he determined that since January 1, 1935, the prevailing rate of wages for wiremen in the city was $9 a day. The plaintiff, a wireman, had been employed in the City Fire Department from January 1, 1935, to December 31, 1937, at a daily wage of $7.78, his total pay for that period having been $6,006.25. Claiming that during that period, according to the Comptroller's prevailing rate of wage order of November 10, 1939, he should have been paid at the rate of $9 a day, or a total of $6,975., the plaintiff has instituted the present action to recover the difference, viz.,

$968.75. In its answer the defendant City pleads as a separate defense that it was under no obligation to pay the plaintiff a difference in wages for any period prior to January 1, 1938, because — "plaintiff did not prior to January 1, 1938, file any verified complaint with the Comptroller of the City of New York as required by § 220 of the Labor Law regarding the rate of wages paid to said plaintiff as a wireman."

At Special Term — where the plaintiff moved to strike out the defendant's answer and for summary judgment, and the defendant by cross motion applied for an order dismissing the complaint — the court denied defendant's cross motion and granted plaintiff's application for an order striking out the answer and allowing judgment for the plaintiff in the sum of $968.75. Upon appeal by the defendant the Appellate Division modified on the law and facts the order of Special Term and the judgment entered thereupon, by reducing the amount of such judgment to $652.50. Upon granting the defendant's motion for permission to appeal to this court, the Appellate Division certified the question: "Should the defendant's motion for summary judgment have been granted?"

Under statutory procedure an investigation to determine the prevailing rate of wages of a trade or occupation in a given locality, is made by the "fiscal officer" — in this instance the Comptroller of the City of New York — either on his own initiative or upon a "verified complaint in writing" filed with the fiscal officer by "any person interested". In the latter event the fiscal officer "must" cause an investigation to be made. (Labor Law, § 220, subd. 7.) A "verified complaint" as applied to a complaint against a municipality, is defined as including "a verified demand or verified notice of claim * * * filed with the fiscal officer * * *" (*id.* § 220, subd. 5, par. d). The statute provides further (§ 220, subd. 8): "* * * When a final determination has been reached, if the determination is in favor of the complainant and involves or relates to the rate of wages paid on such public work, the complainant or any other person affected may within three months after the service of notice of the filing of said final order institute an action against the person or corporation found violating this act for the recovery of the difference between the sum actually paid and the amount which should have been paid as determined

by said final order, *from and after the date of the filing of said verified complaint* or of filing report of investigation made on his own initiative with the fiscal officer as hereinbefore provided." (Emphasis supplied.)

In the present case the Comptroller's order of November 10, 1939, resulted from a statutory investigation conducted by that officer after five wiremen — not including the plaintiff — had duly filed on January 7, 1936, verified complaints relating to the prevailing rate of wages of wiremen. As the investigation thus prompted progressed, other wiremen — twenty-three in number — filed verified complaints with the Comptroller and thereby became parties to the proceeding. In due time, after the Comptroller had determined that the prevailing rate of wages for wiremen was $9 per day, the twenty-three wiremen who had filed complaints were paid the difference between $7.78 and $9 per day for the periods of time to which they were entitled as fixed by the effective dates mentioned in their verified complaints. The plaintiff is one of eight wiremen who filed no verified complaint.

Despite the plaintiff's failure to file a verified complaint, he has instituted the present action to secure the difference between the prevailing rate of $9 a day, as fixed by the Comptroller's order, and the per diem wage of $7.78 received by him from January 1, 1935, to December 31, 1937. In connection with the latter date it should be said that the plaintiff has been paid the difference in wages in arrears beginning the following day, January 1, 1938, on which date the city inaugurated the practice of providing in the budget that the compensation of employees such as wiremen be fixed " at the prevailing rate " of wages.

Although conceding that he was not one of those complainants whose verified complaints initiated the Comptroller's investigation which in turn brought about the order of November 10, 1939, the plaintiff asserts that he is a " person affected " by such order and accordingly is entitled to recover the differential below the prevailing rate of wages, as determined by the Comptroller's order, from the date when a verified complaint was filed by someone other than himself. We think the plaintiff's argument disregards the language of a subsequent provision in section 220, subdivision 8, which allows " the recovery

of the difference between the sum actually paid and the amount which should have been paid as determined by said final order, *from and after the date of the filing of said verified complaint* * * * * ''. (Italics supplied.) We construe the clause in italics as we did when the same statute was under consideration in *Matter of Gaston* v. *Taylor* (274 N. Y. 359, 366) — '' * * * under the statute the fiscal officer's determination relates only to the enforcement of the city's obligation from the date of the filing of the verified complaint. Favorable determination may form the basis for a cause of action arising thereafter.'' We do not construe the statutory clause '' the complainant or any other person affected '' as including a person — such as the present plaintiff — who filed no verified complaint. (See *Matter of Carr* v. *Kern,* 279 N. Y. 42, 48.) As to that portion of the statute we have said — '' The meaning of the statute is hardly subject to doubt. An employee who initiates the investigation is a person ' affected ' by the investigation who is entitled to notice. So is an employer who must pay the rate determined by the investigation. Other persons in similar employ are not, for though they may, if they choose, claim the benefit of a determination, yet if they receive no notice of the investigation they are not bound by the determination in the same sense as the employee who initiated the investigation.'' (*Matter of Heaney* v. *McGoldrick,* 286 N. Y. 38, 44.) The plaintiff has already received benefit from the Comptroller's determination of November 10, 1939, — a benefit prospective in character which entitled him as a wireman to be paid $9 per day from the date of the Comptroller's determination.

We hold that it is the plaintiff's failure to file a verified complaint which prevents his recovering benefits antecedent to the Comptroller's order.

The orders and the judgments should be reversed and the defendant's motion granted, without costs. The certified question is answered in the affirmative.

CONWAY, J. (dissenting). On November 10, 1939, the Comptroller of the City of New York, pursuant to the provisions of subdivisions 7 and 8 of section 220 of the Labor Law made and filed an order in his department fixing and determining the prevailing rate of wages of wiremen, effective January 1, 1935.

The names of no particular employees were mentioned in said order which reads in part as follows: " Determined, that the sum of $1.12½ per hour or $9.00 per day for an eight hour day is and has been since January 1, 1935 the prevailing rate of wage for wiremen holding positions of steady employment in the City of New York."

At Special Term the plaintiff was granted judgment for the difference between the prevailing rate of wages as fixed by the Comptroller and the sum actually received by him from January 1, 1935 to December 31, 1937. The Appellate Division modified that judgment so as to provide that the plaintiff's recovery be limited to the period commencing January 7, 1936, and ending December 31, 1937. Apparently the Appellate Division decided that the plaintiff was entitled to the benefits accruing from the Comptroller's order only from the date of the filing of a verified complaint by any one of the wiremen affected, namely January 7, 1936.

Labor Law, section 220, subdivision 8, provides in part: " * * * When a final determination has been reached, if the determination is in favor of the complainant and involves or relates to the rate of wages paid on such public work, the complainant *or any other person affected* may within three months * * * institute an action * * * for the recovery of the difference between the sum actually paid and the amount which should have been paid as determined by said final order, from and after the date of the filing of said verified complaint or of filing report of investigation made on his own initiative with the fiscal officer as hereinbefore provided." (Italics supplied.)

The persons " affected " must necessarily be employees in similar employment, who have not filed complaints. To hold otherwise, it seems to us, would render meaningless the phrase " or any other person affected ". Every phrase in the statute must be given a meaning and a purpose if it be possible. (*People* v. *Dethloff*, 283 N. Y. 309, 315.) The statute gives a right of action against the employer and if that right of action was to be limited to persons who had actually filed a complaint, the words " or any other person affected " would not have been placed there by the Legislature. Labor Law, section 220, subdivision 7, makes this clear. It provides in part: " The fiscal

officer as herein defined (the Comptroller) may, on his own initiative and must, on a verified complaint in writing *of any person interested,* cause an investigation to be made to determine the prevailing rate of wages *in the same trade or occupation* \* \* \*by the *workmen, laborers and mechanics employed on such public work* \* \* \*.'' The verified complaint here was filed by a person interested. After the determination by the Comptroller, the plaintiff here was one of those '' affected ''. By necessary implication such was the basis of the decision in *Matter of Carder Realty Corp.* v. *Perkins* (237 App. Div. 152, affd. 261 N. Y. 634) although it was not the specific point litigated.

Moreover, it seems to us that we said as much in express language in *Matter of Heaney* v. *McGoldrick* (286 N. Y. 38, 44) although the construction of a provision of subdivision 8 other than the one on which plaintiff sued was in issue: '' The meaning of the statute is hardly subject to doubt. An employee who initiates the investigation is a person ' affected ' by the investigation who is entitled to notice. So is an employer who must pay the rate determined by the investigation. Other persons in similar employ are not, for though they may, if they choose, *claim the benefit of a determination,* yet if they receive no notice of the investigation they are not bound by the determination in the same sense as the employee who initiated the investigation.'' (Italics supplied.)

In that case we construed the first sentence of Labor Law, section 220, subdivision 8, which reads as follows: '' Before proceeding under a complaint presented as provided in subdivision seven, or before making any order or determination upon an investigation made upon his own initiative, the fiscal officer shall order a hearing thereon at a time and place to be specified, and shall give notice thereof, together with a copy of such complaint or the purpose thereof, or a statement of the facts disclosed upon such investigation, which notice shall be served personally or by mail on *any person or corporation affected* thereby \* \* \*.'' (Italics supplied.) We held that an employee who initiated the investigation was a '' person affected '' and was entitled to notice, but that other persons similarly employed were not.

The employee who initiates the proceeding is, of course, the complainant and a party. As such he is entitled to notice. The employer is also a person or corporation affected and a party to the proceeding and is likewise entitled to notice. The thought that a *party* to the proceeding has rights which other persons do not have is further carried out in the fifth sentence of the subdivision, which reads as follows: "Upon the entry of such order affecting either the hours of labor or rate of wages *any party to the proceeding* aggrieved thereby may review the said proceedings by a writ of certiorari within thirty days from the notice of the filing of the said order in the office of the fiscal officer." (Italics supplied.)

The next sentence, however, carries a different thought: "When a final determination has been reached, if the determination is in favor of the complainant and involves or relates to the rate of wages paid on such public work, the *complainant or any other person affected* may within three months after the service of notice of the filing of said final order institute an action against the person or corporation found violating this act for the recovery of the difference between the sum actually paid and the amount which should have been paid as determined by said final order, from and after the date of the filing of said verified complaint or of filing report of investigation made on his own initiative with the fiscal officer as hereinbefore provided." (Italics supplied.) If the determination is in favor of complainant (a party) he or any other person affected (not a party) may institute an action against the person or corporation found violating the act. The complainant in the last quoted sentence must be the employee, since the suit is to recover a difference in wages. Neither the complainant nor " any other person affected " could be the employer. Therefore the " other person affected " must be another employee.

In the first sentence of subdivision 8 " person or corporation affected thereby " means, as we read the *Heaney* case, the complainant who initiated the proceeding and the employer. In the sixth sentence the words " complainant or any other person affected " refers only to employees and must therefore refer to other employees than the complainant who initiated the proceeding.

Were the words " person affected " in the sixth sentence construed in the same manner as in the first sentence, i. e., as limited to parties to the proceeding, an unreasonable result would follow, thus: The sixth sentence provides that a suit may be brought for the difference between the wages actually paid and the amount which should have been paid after the date of the filing of a verified complaint or *from the date of the filing of a report of an investigation made by the fiscal officer on his own initiative.* In the latter instance there would be no complainant and the only *parties* would be the fiscal officer and the employer. Since neither of them may be the " other person affected " who may sue for wages, unless the " other person affected " is an employee in the trade or occupation for which the prevailing rate has been determined, the latter part of the sixth sentence would be meaningless.

In *McAvoy* v. *City of New York,* (52 App. Div. 485, 490, affd. 166 N. Y. 588) the proper rule of construction was indicated as follows: " The policy of the law is that laborers, mechanics and workmen employed upon public work shall receive the prevailing rate of wages paid in the locality where they are employed. That policy is just as important with respect to men who are employed by a city as it is with respect to men who are employed by a contractor on work for the city. In each case the intent is to insure those laborers the same amount of wages which it has been found necessary to pay to secure the services of other men at the same sort of work, and to insure the payment to public laborers of the same wages which other men in the same locality at similar work, are accustomed to receive. *The intention of the law is the thing to be sought and that is to be ascertained from the cause of the statute, and the policy as indicated by prior statutes, and where that is found no mere form of words should prevent its adoption, unless the form forbids such a construction."* (Italics supplied.)

A construction of the statute which would prevent a member of a class of employees entitled to payment of a prevailing rate of wages from receiving the same unless he had himself filed a verified complaint would be unreasonable and contrary to the purpose of the statute, which is to fix a prevailing rate of wages for all persons employed in the same trade or occupation in the same locality. (Labor Law, § 220, subd. 3.)

Any other construction would have the further unreasonable result of requiring the fiscal officer to determine separately the prevailing rate payable to each member of the class.

We must therefore hold that the plaintiff is one of those affected by the determination and may bring an action to recover the difference between the sum paid to him and the amount which should have been paid to him. He is entitled to recover that difference from the date of the filing of the verified complaint by the complainant in the proceeding instituted for the purpose of fixing the prevailing rate of wages. The " verified complaint " referred to in subdivision 8 is the verified complaint on which the final determination was made, since no other or different verified complaint is mentioned therein.

The judgment should be affirmed, with costs and the certified question answered in the negative.

LEHMAN, Ch. J., LOUGHRAN, DESMOND and CROSBY,* JJ., concur with LEWIS, J.; CONWAY, J., dissents in opinion in which RIPPEY, J., concurs.

Judgments reversed, etc.

---

* Designated pursuant to section 5 of Article VI of State Constitution in place of THACHER, J., disqualified.