GEORGE W. MCKIBBIN, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, Kings County, June 5, 1944.

*Ralph Gabrielli* for plaintiff.

*Ignatius M. Wilkinson, Corporation Counsel (Howard C. Fischbach* of counsel), for defendant.

UGHETTA, J. Plaintiff, a cement mason, having brought a " prevailing rate of wages " action against .the City, seeks summary judgment. Defendant City cross-moves for judgment or partial judgment in its favor pursuant to rules 112, 113 and 114 of the Rules of Civil Practice.

The facts revealed by the motion papers show that on or about December 9, 1937, in a proceeding initiated by a cement mason (not this plaintiff) pursuant to the provisions of the Labor Law, the Comptroller conducted hearings and took the necessary steps to ascertain the " prevailing rate of wages " applicable

to this class of municipal employees (Labor Law, § 220, subd. 7). As a result thereof, he made a determination that such "prevailing rate" was $1.57½ an hour during the period from December 9, 1937, to June 31, 1941, and $1.66½ an hour during the period from February 1, 1941, to October 8, 1942. During such time plaintiff was in defendant's employ receiving $1.40 an hour. He seeks in this action to recover the differential amounting to $1,982.

The Comptroller's determination was filed on December 17, 1943. Plaintiff filed his verified demand with the Comptroller on October 14, 1943.

It is the City's contention that any benefit which plaintiff could derive as a result of the aforesaid determination of the prevailing wage rate would be prospective only from October 14, 1943, the day he filed his verified demand, except that for the period from January 1, 1938, to June 30, 1942, he would be entitled to the differential, not, however, as a result of his demand and of this action, but because, for the latter period, compensation for this classification of workers was carried in the city budget (under a lump sum appropriation) at the "prevailing rate", rather than at a fixed rate. But even for this period the City further contends plaintiff is not entitled to receive the full amount of the differential, but only the sum of $296 which defendant expresses its willingness to pay. The latter argument is predicated on the contention that plaintiff forfeited his right to advance his claim against the City by failing to note a formal "protest" when he signed various city payrolls (except for a period of 139⅝ days). (See New York City Administrative Code, § 93c-2.0; L. 1937, ch. 929, as amd.)

By filing his verified demand with the Comptroller, plaintiff made himself a party to the pending investigation proceeding (*Campbell* v. *City of New York*, 291 N. Y. 461, 465), and became entitled to avail himself of the benefits thereof in accordance with the appropriate provisions of the statute, the language of which, it must be admitted, is far from clear in many of its provisions.

Subdivision 8 of section 220 provides, in part, as follows: " * * * When a final determination has been reached, if the determination is in favor of the complainant and involves or relates to the rate of wages paid on such public work, the complainant or any other person affected may within three months after the service of notice of the filing of said final order institute an action against the person or corporation found violating this act for the recovery of the difference between the sum actu-

ally paid and the amount which should have been paid as determined by said final order, *from and after the date of the filing of said verified complaint* or of filing report of investigation made on his own initiative with the fiscal officer as hereinbefore provided." (Emphasis added.) It is the contention of the plaintiff that the verified complaint referred to is the original verified complaint filed in the proceeding which would appear reasonable and has the approval of the *Campbell* case judges who joined in the dissenting opinion. The holding in the majority opinion is not in conflict with such view, for the only point involved in and actually decided in the *Campbell* case was that a person who had failed to intervene in the proceeding by filing any verified demand whatsoever was prevented from " recovering benefits antecedent to the Comptroller's order."

Language in the majority opinion which the defendant construes as favorable to its view does not necessarily support defendant's contention, and, in any event, was not necessary for the decision, as indicated.

It would seem that, in the case of ambiguity in language, that construction should be adopted which would be most favorable to the parties seeking to obtain the wage rate which the statute calls for. (See *Austin* v. *City of New York*, 258 N. Y. 113, 117; see, also, Labor Law, § 220, subd. 5, par. d.)

There remains to be considered the claim made by the City that plaintiff, by failing to sign certain payrolls under protest, waived his right to recovery for the amounts and periods therein recited. While admitting the effectiveness of such waiver in certain instances, of which *Matter of Rushford* v. *LaGuardia* (280 N. Y. 217) is typical, plaintiff's attorney attempts to make a distinction on the ground that " none of these cases involves workmen, laborers or mechanics," and asserts further: " They involve clerks and other persons, none of whom come under the protective wings of the Labor Law or of the Constitution. When the Constitution has been involved, the courts have uniformly held this section of the Administrative Code unconstitutional." Further to buttress the argument on constitutional grounds, he quotes from the New York State Constitution, section 17 of article I thereof [requiring the payment of the prevailing rate of wage], but omits a significant portion thereof which indicates that the scope of its provisions applies only to a laborer, workman or mechanic, " in the employ of a contractor or subcontractor engaged in the performance of any public work * * *." Plaintiff herein does not fall within any such category.

Such conclusion does not run counter to the determination reached in *Matter of Gaston* v. *Taylor* (274 N. Y. 359) which held merely that laborers, workmen and mechanics in municipal employ came within the statutory provisions of the Labor Law.

Admitting that plaintiff herein likewise comes within such protection, it was competent for the Legislature which passed such statute to provide as it did in a companion statute wherein it gave to New York City an administrative code (L. 1937, ch. 929) that rights not timely or properly asserted might be waived. (Administrative Code of the City of New York, § 93c–2.0; *Quayle* v. *City of New York*, 278 N. Y. 19.) Both statutes may be read together in perfect harmony and no violation of a constitutional provision is involved, as I construe it.

It follows, therefore, that to the extent that plaintiff failed to protect his rights by making proper protest, he must be deemed to have relinquished them.

Plaintiff's motion for summary judgment should be granted to the extent indicated and defendant's motions denied, except as indicated; order to be settled on notice.