In the Matter of PETER M. HOOF et al., Respondents, and THOMAS W. BLANEY et al., Appellants, against JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, Appellant and Respondent.

Argued November 20, 1945; decided March 7, 1946.

*T. Robert Gabrielli* for Thomas W. Blaney et al., petitioners-appellants. I. The determination was illegal in that it unlawfully and arbitrarily excluded letterers employed in private industry engaged in outdoor advertising and theatrical work. II. The comptroller's dismissal of the complaints as improperly verified was erroneous. (*Matter of Levine [Town of Falls-burgh]*, 287 N. Y. 243; *Evans* v. *Town of Bridgewater*, 178 Misc. 250, 264 App. Div. 827; *Matter of Rooney* v. *McGoldrick*, 280 N. Y. 632.) III. Even if petitioners' earlier complaints were invalid, petitioners are nevertheless entitled to the full benefits of the determination for the entire period covered by it by reason of having filed admittedly valid complaints during the pendency of the proceeding. (*Campbell* v. *City of New York*, 291 N. Y. 461; *Matter of Heany* v. *McGoldrick*, 286 N. Y. 38.) IV. The deduction of 10% from the prevailing rates of wages was unlawful and discriminatory.

*Ignatius M. Wilkinson, Corporation Counsel* (*Howard C. Fischbach* and *Francis J. Bloustein* of counsel), for Joseph D. McGoldrick, appellant and respondent. I. The comptroller's determination was made according to law and was supported by the survey and the evidence. (*Matter of Watson* v. *McGoldrick*, 286 N. Y. 47.) II. The comptroller was under no obligation to make an investigation and determination covering any period antedating the filing of a valid verified complaint. However, on his own initiative, he commenced his investigation and made his determination from January 1, 1938. (*Campbell* v. *City of New York*, 291 N. Y. 461; *Matter of Heaney* v. *McGoldrick*, 286 N. Y. 38; *Matter of Carr* v. *Kern*, 279 N. Y. 42; *Matter of Simpson* v. *Taylor*, 278 N. Y. 643; *Matter of Gaston* v. *Taylor*, 274 N. Y. 359.) III. The rates of wages fixed by the comptroller's determination were equal to the prevailing rates current in private employ, after deductions of the monetary value

of vacation and pension benefits exclusively received by city employees. (*Matter of Watson* v. *McGoldrick*, 260 App. Div. 77, 286 N. Y. 47; *Matter of Mahon* v. *Bd. of Education*, 68 App. Div. 154, 171 N. Y. 263; *Schieffelin* v. *Berry*, 127 Misc. 178, 217 App. Div. 451, 243 N. Y. 603; *Kieran* v. *Hunter College Retirement Board*, 255 App. Div. 378; *Matter of Mollett* v. *McGoldrick*, 268 App. Div. 900.) IV. The claims of petitioners-respondents filed respectively on December 12, 1935, and June 15, 1937, were properly dismissed for lack of verification. (*Ponsrock* v. *City of Yonkers*, 254 N. Y. 91; *Kingston* v. *M. S. Construction Corp.*, 249 N. Y. 533; *Mazarsky* v. *Whinston Bros., Inc.*, 254 N. Y. 552; *Geelan* v. *St. Patrick's Church*, 179 Misc. 432; *Rogers* v. *Village of Port Chester*, 234 N. Y. 182; *Matter of Bristol* v. *Buck*, 201 App. Div. 100; *Cotriss* v. *Village of Medina*, 139 App. Div. 872, 206 N. Y. 713.)

CONWAY, J. These are cross appeals by petitioners and the Comptroller of the City of New York in a proceeding brought to review a determination as to the prevailing rate of wages of letterers employed by the City of New York. It is a companion case to *Matter of Giannettino* v. *McGoldrick* (295 N. Y. 208), decided herewith, and some of the matters decided there are determinative of points raised herein. Thus, the comptroller here, as in the *Giannettino* case, made a deduction of 10% in the prevailing rate of wages as determined by him for vacation and pension benefits. That was error and requires the remission of this proceeding to the Appellate Division.

The comptroller cross-appealed from the decision of the Appellate Division that the complaints of Hoof and Hilscher were properly verified. The order appealed from is a nonfinal order and the appeal must be dismissed.

The comptroller found that labor performed by privately employed letterers came under three categories, viz.: 1. Commercial, 2. Outdoor Advertising, and 3. Theatrical Advertising. He was of the opinion that the work of city-employed letterers fell within the group denominated by the Brotherhood of Painters, Decorators and Paperhangers of America in one of its local unions in New York City as commercial letterers. He pointed out that in outdoor advertising and theatrical work the performance of the labor was confined almost exclusively

to work on scaffolding, involving personal danger, and thus resulted in higher rates of wages. He referred to the fact that the Municipal Civil Service Commission defined the duties of a letterer as follows: "*Letterer:* To be familiar with the quality and use of the different kinds of paints and varnishes; to mix paints and colors in proper proportions; to paint signs and to do lettering of any description; perform related work." It is true that there was evidence in the record that some of petitioners used scaffolds occasionally but we cannot say as a matter of law that the comptroller's determination was arbitrary.

It is conceded by the respective parties that if the complaints of Hoof and Hilscher were properly verified the comptroller must make a determination as to prevailing wages for the period from January 1, 1935, to January 1, 1938, by virtue of Labor Law, section 220, subdivision 5-d. Since those complaints were properly verified, such determination must be made.

As to the claims of the petitioners, Blaney, Lipari and Wabshinak, we agree with the Appellate Division that each is entitled to the benefit of the determination for the period commencing with the date of the filing of his verified complaint. (*Campbell* v. *City of New York,* 291 N. Y. 461, 465–466; *Matter of Gaston* v. *Taylor,* 274 N. Y. 359, 366; *Matter of Carr* v. *Kern,* 279 N. Y. 42, 48; *Matter of Simpson* v. *Taylor,* 278 N. Y. 643.)

Appeal by the Comptroller of the City of New York from so much of the order of the Appellate Division as decided that the complaints of the petitioners Hoof and Hilscher were sufficient in form as verified complaints should be dismissed on the ground that that part of the order does not finally determine a special proceeding within the meaning of the Constitution; and, otherwise, the order should be modified in accordance with this opinion, and as so modified affirmed, without costs.

LOUGHRAN, Ch. J., LEWIS, DESMOND, THACHER, DYE and MEDALIE, JJ., concur.

Ordered accordingly.