JOHN J. NOLAN et al., Plaintiffs, *v.* NEW YORK CITY HOUSING AUTHORITY et al., Defendants.

Supreme Court, Special Term, New York County, June 29, 1950.

*Gerald J. Carey, Paul W. Hessel* and *Irving Wise* for New York City Housing Authority, defendant.

*Sidney A. Fine* for plaintiffs.

WALTER, J. Painters in the employ of New York City Housing Authority here seek to recover wages at rates of pay specified in an agreement approved by the board of estimate of the City of New York, November 14, 1946, by which proceedings before the comptroller of the city of New York for the determination of the prevailing rate of wages for painters were compromised and settled. Defendant New York City Housing Authority moves to dismiss the complaint as insufficient on its face and for lack of jurisdiction.

As laborers, workmen or mechanics engaged in the performance of public work, plaintiffs are entitled to be paid not less than the rate of wages prevailing in the locality where such public work is situated, erected or used; and defendant authority is under a constitutional and statutory duty to pay plaintiffs not less than such prevailing rate (N. Y. Const., art. I, § 17; Labor Law, § 220; *Matter of Gaston* v. *Taylor,* 274 N. Y. 359; *Campbell* v. *City of New York,* 291 N. Y. 461). But the statute which regulates and measures the right and obligation authorizes and requires the comptroller of the city to determine what such prevailing rate is, and workmen who have not taken advantage of the procedure prescribed by the statute have been held not entitled to enforce the obligation by action (*McGrail* v. *City of New York,* 171 Misc. 55, affd. 254 App. Div. 857; *Campbell* v. *City of New York, supra; Matter of Hoof* v. *McGoldrick,* 295 N. Y. 214).

Enormous practical difficulties have been encountered in proceedings before the comptroller for the determination of prevailing rates of wages, as may be seen by reference to only a few of the many reported decisions dealing with such proceedings (*Matter of Heaney* v. *McGoldrick,* 286 N. Y. 38; *Matter of*

*Hoof* v. *McGoldrick, supra; Matter of Giannettino* v. *McGoldrick,* 295 N. Y. 208; *Matter of Smith* v. *Joseph,* 275 App. Div. 201, affd. 300 N. Y. 516; *Matter of Flannery* v. *Joseph,* 300 N. Y. 149). Sometimes, too, there has been great delay in determining such proceedings (*Jones* v. *City of New York,* N. Y. L. J., Dec. 9, 1944, p. 1634, col. 7); and apparently in an effort to avoid such difficulties and delays the city has turned, in some instances, to agreements settling the issues in such proceedings by compromise. Several such agreements, made in May, 1947, but not involving employees of defendant authority, survived an attack by taxpayers in *Evadan Realty Corp.* v. *Patterson* (192 Misc. 850, affd. 276 App. Div. 751) and now there is presented, as I see it, the question whether an agreement by the city as to what the prevailing rate of wages shall be deemed to be is binding upon the authority. If yes, plaintiffs are entitled to have it so declared and to receive the agreed amount. If no, plaintiffs' complaint states no cause of action.

I see nothing in *McGrail* v. *City of New York* (*supra*), *Campbell* v. *City of New York* (*supra*) or *Matter of Hoof* v. *McGoldrick* (*supra*) which holds or intimates that proceedings before the comptroller for a determination of the prevailing rate of wages may not be compromised and settled, and *Evadan Realty Corp.* v. *Patterson* (272 App. Div. 869, revd. 297 N. Y. 732, 192 Misc. 850, affd. 276 App. Div. 751, (*supra*) seems definitely to establish that such compromise may be made.

A compromise, however, is a species of agreement, and for the validity of an agreement of compromise on the subject of the prevailing rate of wages, it seems essential that it be made between the employee who is to receive the wage and the employer who is to pay it.

Plaintiffs, the employees, expressly and implicitly, assert their willingness to be bound by the agreement set forth in the complaint, and the question here thus seems to be, not whether the prevailing rate of wages can be fixed by a compromise agreement, but whether this particular compromise is binding upon the authority, or, in other words, whether the fixation of wages of employees of the authority is a subject as to which the city can by its agreement bind the authority, or, still more simply stated, can the city fix the wages of employees of the authority?

New York City Housing Authority is not a department or agency of the city of New York. It is a public corporation created pursuant to article 5 of the State Housing Law, as enacted by chapter 4 of the Laws of 1934, its creation having

been ratified and validated by chapter 311 of the Laws of 1935. (See, also, Public Housing Law, L. 1939, ch. 808; *Matter of New York City Housing Authority* v. *Muller,* 270 N. Y. 333.)

I agree with the contention of plaintiffs' counsel that the question depends, not upon the mere characterization of the authority as a public corporation or as a department or agency of the city, but upon the terms of the statutes governing their respective powers and their relationship to each other.

I agree further that there seems no reason to doubt that the Legislature could give to the city the power to fix, by agreement, the prevailing rate of wages to which employees of the authority are entitled. But the fact that the authority is not a department or agency of the city makes it essential to the validity of plaintiffs' claim that they be able to point to some statute by which the power to bind the authority has been given to the city.

Plaintiffs' counsel thinks that he has found such a statute in that part of section 32 of the Public Housing Law (L. 1939, ch. 808), which says that the authority may employ such employees as it may require and determine their qualifications, duties and " subject to the approval of the local legislative body, fix their compensation ". As enacted by chapter 4 of the Laws of 1934 and chapter 218 of the Laws of 1938, that provision was that the authority may employ such employees as it may require and " determine their qualifications, duties, and compensation ". By chapter 808 of the Laws of 1939 it was made to read as above quoted. Plaintiffs' counsel reads that as giving to the board of estimate, the local legislative body, the power to fix the compensation of employees of the authority. It seems to me that the plain meaning of the words of the statute is directly to the contrary. The authority, not the board of estimate, is to fix the compensation. The board of estimate may upset the fixation by disapproving it, but a power to disapprove a compensation fixed by the authority is not a power to fix the compensation in the first instance.

The difference is not merely formal or verbal. It is real and substantial. Where one has power to fix a wage subject to the approval of another, the concurrence of both is essential to the fixation, whereas if the power of the other to approve were construed as a power to fix in the first instance the necessity for the concurrence of the one who is to fix would be eliminated; and surely no such intent as that can be spelled out of this statute.

For that reason this statute is quite different, it seems to me, from a statute which gives one the power to fix compensation

subject to revision by another (*Matter of McGovern* v. *Patterson,* 273 App. Div. 35, affd. 298 N. Y. 530) or a statute giving one the power to fix compensation subject to the budget-making powers and procedure of another (*Matter of Powers* v. *La Guardia,* 181 Misc. 624, mod. 267 App. Div. 807, affd. 292 N. Y. 695). Qualifying the power to fix by making it subject to revision by another or subject to the budget-making power of the city, takes away the necessity for the concurrence of the primary fixer in the ultimate fixation and thus differs radically from qualifying the power to fix by merely requiring the approval of another.

I hence conclude that section 32 gives the board of estimate only the power to approve or disapprove compensation fixed by the authority and not the power to fix the compensation of employees of the authority and that the agreement upon which plaintiffs base their action hence is not binding upon the authority.

Plaintiffs' counsel further contends that, even if the agreement set forth in the complaint be not binding upon the authority as a contract made by one authorized to contract for it, it nevertheless is an agreement which is binding upon and between the city and its own employees and as such it *ipso facto* automatically fixes the prevailing rate of wages for painters, and the rate so fixed is binding upon the authority, not because it is expressed in a contract binding upon the authority, but because it is a fixation of the prevailing rate and the authority is bound by the Constitution to pay its employees not less than the prevailing rate.

Some of the premises underlying that contention are essentially sound. The authority is bound by the Constitution, without any contract, to pay its laborers, workmen and mechanics not less than the prevailing rate of wages, and whenever and howsoever the prevailing rate is fixed that rate becomes the rate which the authority is constitutionally, even if not contractually, bound to pay. But the further assumption that a compromise agreement between the city and its own painters is a fixation of the prevailing rate of wages for others than the parties to the agreement is, I think, unsound. I cannot agree that the *Evadan* case (*supra*) goes that far. I cannot see that it actually goes any further than to establish that controversies respecting what is the prevailing rate of wage may be compromised by a valid agreement between the employer and the employee and that the particular agreements there involved were not invalid as an illegal waste of taxpayers' money. To

that extent and in that limited sense the case does establish that the prevailing rate of wages may be ascertained, fixed and established by a method other than a determination thereof by the comptroller; but the case does not hold or suggest that every agreement compromising a controversy respecting the amount of the prevailing rate of wages is a fixation of the rate which must be automatically applied to parties other than those who made the agreement of compromise. Indeed, it seems to me that there could not be such a rule because if different employees compromised on different terms there then would be, according to the contention of plaintiffs' counsel, two or more different rates each constitutionally binding upon the same employers.

I conclude, therefore, that because the agreement upon which plaintiffs base their action is not binding upon the authority, either as a contract or as a fixation of the prevailing rate of wages, the complaint is insufficient and for that reason the motion to dismiss must be and is granted.

The complaint alleges that the authority has paid plaintiffs the wages fixed in the agreement for the period subsequent to April 1, 1946, but refuses to give them the back pay therein provided for the period January 1, 1938, to March 31, 1946; and plaintiffs' counsel suggests, rather than asserts, that the authority has adopted or ratified a part of the agreement and hence is bound by the whole thereof. The complaint on its face certainly does not show an adoption or ratification of a part of the agreement and a consequent estoppel against disputing the binding force of the remainder thereof, but in order to afford an opportunity to litigate that question if it be thought meritorious, the present dismissal will be with leave to amend within twenty days.