Aron Steuer, J.
Plaintiff is an employee of the City Housing Authority. His salary was fixed at the prevailing rate of wage. On March 23, 1951 he filed a complaint pursuant to section 220 *181 of the Labor Law to require the comptroller to fix the prevailing rate for his job, that of maintenance man. The comptroller dismissed the complaint upon the ground that he lacked jurisdiction to fix the rate of wages for employees of the Housing Authority, but he did fix the rate for city employees at $1.49 an hour. The Housing Authority in its 1952 budget continued plaintiff at the prevailing rate of wage but fixed that wage at the rate of $1.49 per hour. During that year several maintenance men in the Authority’s employ commenced a proceeding to have the comptroller fix the prevailing rate and plaintiff joined in that proceeding on September 23, 1952. The comptroller entertained the application and fixed rates for various periods, beginning with the date of his last determination for maintenance men, namely, June 7, 1951 up to the date of his decision, June 30, 1953. Thereupon the Authority paid the plaintiff the difference between $1.49 an hour and the rates fixed, but beginning September 23,1952, the date plaintiff joined in the rate proceeding.
This suit is for the difference between the amounts paid and the rates fixed between January 1,1952 and September 22,1952. Plaintiff moves for summary judgment and partial summary judgment. Defendant moves for summary judgment. The Board of Estimate approved the Authority’s budget, which fixed the wages for maintenance men of the Authority at the prevailing rate of wage. It is plaintiff’s contention that this fixed his wages at whatever that rate was found to be at any subsequent time regardless of any action or failure to take action on his part.
Section 220 of the Labor Law, provides a procedure by which employees entitled to be paid the prevailing rate of wage may instrument that right. If such a one feels aggrieved at the wage paid him, he may initiate a proceeding to have his wages accord with the prevailing rate. In that proceeding the facts as to the rate for the occupation prevailing in the vicinity is determined and he may then sue for the balance between what he has been paid and the amount he would have been paid had he received that prevailing rate. In addition, the prevailing rate becomes the rate for the job from the date of determination. But by the terms of the statute, only an employee who has initiated or joined in a proceeding is entitled to back pay (Campbell v. City of New York, 291 N. Y. 461), though all in the same classification are entitled to whatever raise in pay accrues from the date of the finding. The question is, when the pay has been fixed in the budget as the prevailing rate instead of a stated amount, can an employee who has not brought a proceeding recover retroactive pay.
*182 The budget provision fixes compensation for those in the classification with plaintiff “ at the prevailing rate of wages for each of them as determined by law.” It is defendant’s contention that the addition of the words ‘ ‘ as determined by law” includes the interpretation of the Campbell case, cited above, barring retroactive payments to employees who have not protested. This interpretation does not appeal. Admittedly, the city itself has not made this interpretation (McKibbin v. City of New York, 182 Misc. 671, affd. 269 App. Div. 696, affd. 295 N. Y. 592). While the defendant is an autonomous body and subject only to the city’s approval in regard to its budget (Nolan v. New York City Housing Auth., 199 Misc. 599, affd. 278 App. Div. 762), and is not bound by the city’s interpretation, both reason and a desire for uniformity tend to its rejection.
The limitation of the Campbell case was put upon employees receiving a wage stated in amount. That amount remained the wage until there was a determination to the contrary. The retroactive feature of the determination was held to apply only to those who had complained, because only as to them was there authority to change the amount already fixed. Here there is no fixed rate. So it. is contemplated that the rate will fluctuate and the legal determination expressed in the budget means the ultimate finding. The object of the statute is that workers on public projects should not be penalized and, within reason, this object should not be subjected to strained interpretations. It is true that in the finding by the comptroller he attempted to limit payments to those who had filed complaints but this is of no moment.
The claim for partial summary judgment arises from the fact that for certain months plaintiff signed the payroll under protest and for others he did not. If the failure to protest constitutes a defense, he claims to be entitled to the additional compensation for the months that he did protest. That position has been found to be correct. It remains to be seen whether the failure to protest is a defense for the periods involved.
The Public Housing Law (§ 32, subd. 4) bars any claim by an employee for wages for any payroll period for which he accepts a check which he does not indorse under protest. Plaintiff seeks to avoid this by the provisions of subdivisions 8 and 8-a of section 220 of the Labor Law. Subdivision 8 is the provision giving the right to sue. Subdivision 8-a provides that recovery in such a suit shall not be barred by a failure to protest. The difficulty with plaintiff’s position is that he has no right to sue for the retroactive pay pursuant to subdivision *183 8 of section 220, as that right is limited to those who have' initiated proceeding’s. As subdivision 8-a applies to suits under subdivision 8, it does not affect this defense. A claim for wages at the prevailing rate is not necessarily affected by all the provisions of section 220 of the Labor Law (Fata v. Healy Co., 289 N. Y. 401).
Defendant’s motion is denied and plaintiff’s motion granted to the extent of awarding partial summary judgment.