William R. Roy, J.
This is an article 78 proceeding commenced by the petitioner herein for a judgment directing that the Rome Housing Authority reject all bids for the performance of work specified in contract documents entitled ‘ Interior Painting, Liberty Garden Apartments N.Y.S.-51.”
Petitioner requests that the court enter judgment (1) rescinding any determination heretofore made establishing classifications of workmen, mechanics and laborers, and the schedule of supplements to be provided and wages to be paid such persons or classifications; (2) rescinding any decision of respondents heretofore made awarding the contract to any of the bidders; (3) adjudging that the respondents be enjoined from any further proceedings under such contract, if already awarded or in awarding such contracts; and (4) ordering that the specifications, bids and contract (if any) are null and void, and that the respondents prepare specifications pursuant to law and readvertise for bids.
Sometime prior to June 7, 1972, the Rome Housing Authority advertised for bids for painting the Liberty Garden Apartments located in Rome, New York, under the above contract. It appears that the original contract documents did not contain the schedules of supplements to be provided and wages to be paid workmen, laborers and mechanics as required by subdivision 3 of section 220 of the Labor Law of the State of New York. This fact was called to the attention of the respondent, Rome Housing Authority, and the respondent, Rome Housing Authority, by its Project Manager, Mr. Stropp, rejected all bids submitted under that advertisement on the ground of an omission from the contract documents, and readvertised for bids under contract documents which contained the missing specifications as to the schedule of supplements to be provided and wages to be paid. The corrected contract documents also contained a classification of workmen to be employed on the project.
The petitioner has commenced this proceeding to set aside the awarding of any contract for the painting of the Liberty Garden Apartments and alleges as a basis for the setting aside of any such contract that the respondent, Rome Housing Author *912 ity, failed to comply with article 8 of the Labor Law and section 152 of the Public Housing Law.
The petitioner claims that the Borne Housing Authority failed to make a proper determination of the classification of workmen to be employed in the above contract and failed to make a proper determination as to the schedule of supplements to be provided and wages to be paid to the workmen, laborers and mechanics on the painting project. The petitioner, in substance, claims that the respondent, Borne Housing Authority, acted in excess of its jurisdiction and in violation of section 220 of the Labor Law in that the proper ‘ fiscal officer ’ ’ failed to prepare the schedule of supplements and wages as required by that section. It contends that the Treasurer of the City of Borne is the “ fiscal officer ” within the meaning of section 220 and that the Treasurer of the City of Borne was not the person who prepared the schedule of supplements and wages to be paid under the above contract.
The respondent, Borne Housing Authority, claims that the petitioner lacks standing to question the action of the Borne Housing Authority in making its determination as to the classification of workmen to be employed and the schedule of supplements to be provided and wages to be paid in connection with the above contract. The Borne Housing Authority further claims, that in any event, the fiscal officer referred to in section 220 of the Labor Law is Mr. Bichard J. Stropp, the Executive Director and Project Manager of the Borne Housing Authority and that he properly prepared the classification and schedule of supplements and wages pursuant to that section of the Labor Law.
The respondent, Borne Housing Authority, has cross-moved to dismiss the proceeding on the ground that the plaintiff is not a person interested within the meaning of section 220 of the Labor Law of the State of New York; that Bichard J. Stropp is the “fiscal officer ” within the meaning of that section of the Labor Law; that Mr. Stropp, as such fiscal officer, did not abuse his discretion nor act illegally in fixing the prevailing schedule pf supplements and wages to be paid; and on the further ground that the petitioner is not a person aggrieved within the meaning of article 78 of the CPLB,. and further, that Mr. Stropp’s determination was not arbitrary and capricious as claimed by petitioner.
The respondents, City of Borne and Bichard A. Fahy, have cross-moved to dismiss the petition as to them, alleging in substance that the City of Bóme, and particularly Bichard A. Fahy, as treasurer thereof, are not proper parties to this proceeding.
*913 With respect to the question as to whether the petitioner has standing to bring this proceeding, the court is of the opinion that petitioner does have such standing so as to enable it to bring this article 78 proceeding.
It must be pointed out that this is not a complaint pursuant to subdivision 7 of section 220 of the Labor Law. If it were, the court would be of the opinion that the petitioner would not be a “ person interested ” within the meaning of that subdivision of section 220 and would, accordingly, lack standing. (Matter of Terry v. Goodsell, 4 A D 2d 395, affd. 4 N Y 2d 999.)
This is an article 78 proceeding and as such petitioner is an aggrieved party within the meaning of that article. (Cf. Matter of General Bldg. Contrs. of N. Y. State v. County of Oneida, 54 Misc 2d 260.)
At the root of this controversy, and the basic question to be determined by this court, is who is the proper fiscal officer to make the determination as to the schedule of supplements to be provided and wages to be paid pursuant to section 220 of the Labor Law. Petitioner contends that such fiscal officer is the Treasurer of the City of Rome. The respondents, Rome Housing Authority, City of Rome, and Mr. Fahy, as Treasurer of the City of Rome, contend that Mr. Richard J. Stropp, the Project Manager of the Rome Housing Authority, is the “ fiscal officer ” within the meaning of section 220 of the Labor Law and that as such the actions taken by him with respect to the above contract were proper.
Section 32 of the Public Housing Law of the State of New York provides, among other things, that a housing authority shall select from among its members a vice-chairman, a general manager, a secretary, technical experts, and such other officers, agents, and employees as it may require. It further provides that the Authority may delegate to one or more of its agents or employees such powers or duties as it may deem proper. There is no question that Mr. Richard J. Stropp, as the Project Manager of the Rome Housing Authority, has obligations with respect to and performance of functions that would normally be performed by a fiscal officer.
Section 152 of the Public Housing Law provides, among other things, that: “ all contracts of an authority involving the employment, among others, of laborers, workmen or mechanics shall be in conformity with the provisions of article 8 of the labor law, and such provisions shall be deemed terms of all such contracts; and for the purpose of obtaining the prevailing rate of wages or fees for such contracts, the authority shall *914 proceed in the same manner as the municipality in which the authority operates * * * and for the purpose of obtaining the prevailing rate of wages or fees, the authority shall proceed in the same manner as the municipality proceeds in obtaining the prevailing rate of wages or fees for laborers, workmen and mechanics ” (emphasis supplied).
Section 220 of the Labor Law requires that every "contract for the performance of work to which the State, a public benefit corporation, a municipal corporation, or a commission, is a party, must' contain a schedule of supplements to be provided and wages to be paid workmen, laborers and mechanics on public work. Schedules must be annexed to and form part of the specifications for the work prior to the time of the advertising for bids.
Paragraph e of subdivision 5 of section 220 provides that the “fiscal officer ” “ shall be deemed to be, on public work performed by or on behalf of the state or a public benefit corporation or a county or a village, or other civil division of the state, except a city, the industrial commissioner; and on public work performed by or on behalf of a city, the comptroller or other analogous officer of such city.”
An examination of paragraph e of subdivision 5 of section 220 of the Labor Law reveals that a “ fiscal officer ” for public work is either the Industrial Commissioner of the State of New York or the comptroller or other analogous officer of a city. There is no ambiguity in that section. (See Montebello v. New York City Housing Auth., 13 Misc 2d 180.)
It is difficult to imagine, after a reading of section 152 of the Public Housing Law and section 220 of the Labor Law, that the Project Manager of the Rome Housing Authority is the “ fiscal officer ” who is to determine the schedule of wages and supplements pursuant to section 220 of the Labor Law. It is either the Industrial Commissioner of the State of New York in this case, or the Treasurer of the City of Rome.
It is contended by respondents that the Rome Housing Authority is a separate and distinct unit — a creature of the Legislature — and has no connection whatsoever with the City of Rome. An examination of the cases construing the functions, duties and obligations of public housing authorities, as well as section 37 of the Public Housing Law, leads this court to believe that a public housing authority is a separate and autonomous unit created by the Legislature. It is separate and distinct from the municipal government in the municipality in which it operates and has no duties or obligations to that municipal government *915 except those required by law. The control that a local governing body would have over a public housing authority is that authorized pursuant to the Public Housing Law. The housing authority within any municipality must submit its final plan or project for housing to the local legislative body for approval. The local legislative body of the municipality in which the Authority is operating may approve the fixing of compensation for members of the Authority. The local legislative body may not fix the compensation for the members of the Authority, but may only approve or disapprove of that compensation fixed by the Authority itself. (Nolan v. New York City Housing Auth., 199 Misc. 599, and Kelly v. Cohoes Housing Auth., 27 A D 2d 463, affd. 23 N Y 2d 692.)
Even though the municipality in which the Authority is operating has relatively little control with respect to a public housing authority, it seems clear that the requirements of section 152 of the Public Housing Law and section 220 of the Labor Law require that, if a city is involved, the “ fiscal officer ” for purposes of the determinations required to be made by section 220 of the Labor Law regarding public work contracts, is the comptroller or other analogous officer pf such city.
This court finds that, within the meaning of section 220 of the Labor Law, the proper fiscal officer to prepare the schedule of supplements to be provided and wages to be paid under the above contract is the Treasurer of the City of Rome. If the Legislature had intended someone other than the Industrial Commissioner or the comptroller of the city to be the fiscal officer for purposes of section 220 of the Labor Law, it would have so provided.
It is difficult to imagine that anyone other than the Industrial Commissioner or the comptroller of a city would be given the broad powers provided by subdivision 7 of section 220 of the Labor Law. That section provides that the “ fiscal officer ” shall be deemed to be acting in a judicial capacity in investigating complaints; he shall have the right to issue subpoenas, administer oaths, and examine witnesses. That language would seem to exclude anyone but the Industrial Commissioner or city comptroller from the definition of “ fiscal officer ”.
There is no question that the schedule of supplements to be provided and wages to be paid the workmen, laborers, and mechanics on the above project were not prepared by the Treasurer of the City of Rome. The parties concede that such schedule was prepared by Mr. Richard J. Stropp, Project Manager of the Rome Housing Authority.
*916 In view of the above, and since the Borne Housing Authority failed to comply with the requirements of section 220 of the Labor Law, the above contract was improperly advertised and awarded and the petition herein is granted to the following extent: (1) the determination of the Project Manager of the Borne Housing Authority as to the schedule of supplements to be provided and wages to be paid on contract documents, entitled “ Interior Painting, Liberty Garden Apartments, HYS-51 ”, is hereby annulled; and (2) any contract awarded under the above is hereby vacated and set aside.
The petition is in all other respects denied.
The cross motions of the respondents, Borne Housing Authority, City of Borne and Bichard A. Fahy, as Treasurer of the City of Borne, are denied.