Martha K. Zelman, J.
Plaintiff, Anthony J. Petrocchi, was employed as a laborer with Triborough Bridge and Tunnel Authority (Authority) from November 1, 1950, until January 16, 1968. Before the court is an action to recover the sum of $847.26 for retroactive pay allegedly due the plaintiff, because of a labor complaint filed with the comptroller for a determination of the prevailing wage rate covering the period of July 1, 1966, to January 16, 1968, when he was in defendant’s employ and performed the work required of him. On April 10, 1968, the Comptroller of the City of New York made and entered a determination fixing the prevailing rate of wages for laborers for the period July 1, 1966, to June 30, 1969. The defendant Authority adopted the rate determined by the comptroller. The plaintiff demanded payment of Authority and same was refused. Defendant Authority contends that payment of determination applies only to employees "then”or "presently” on its payroll. (Emphasis supplied.) Defendant Authority also contends that the plaintiff should have filed his Labor Law complaint with the Industrial Commissioner.
Subdivision 7 of section 220 of the Labor Law of New York State provides that "the fiscal officer [of a governmental unit of this State or for a public benefit corporation], may, on his own initiative, and must, on a verified complaint of a person *743 interested, cause an investigation to be made to determine the prevailing rate of wages * * * in the same trade or occupation in the locality within the state where public work is being performed * * * by the workmen, laborers and mechanics employed on such public work”.
“Fiscal officer” is defined to be “on public work performed by or on behalf of the state or a public benefit corporation or a county or a village * * * except a city, the industrial commissioner; and on public work performed by or on behalf of a city, the comptroller or other analogous officer of such city.” (Labor Law, § 220, subd 5, par e.)
Subdivision 8 of section 220 of the Labor Law states that following an investigation, the fiscal officer must hold a hearing and give notice of such hearing to any person or corporation affected thereby. Subdivision 8 of section 220 also states that after hearing, the fiscal officer is required to make and file an order of his determination as to prevailing wage rate.
Defendant, Triborough Bridge & Tunnel Authority is a public benefit corporation.
At issue here are the contentions of the defendant that plaintiff should have filed a labor complaint with the Industrial Commissioner and not the Comptroller of the City of New York and that the determination of the comptroller required the defendant to be “presently” employed to receive retroactive payment.
The plaintiff had previously filed three similar labor complaints in the same manner with the city comptroller, extending back to 1955, and these complaints were honored by the city. The plaintiff therefore relied on a long custom and practice in filing his present complaint.
Four months prior to January, 1968, when the plaintiff transferred to the Sanitation Department, the plaintiff applied to the defendant for permission to transfer to the New York City Sanitation Department. The plaintiff relies on section 554 of the Public Authorities Law which mandates classes of employment with the defendant Authority by appointment in accordance with the New York Civil Service Law which allows for transfer with a retention of all rights between appointees between Triborough and mayorality agencies of the City of New York. Triborough approved the transfer of plaintiff to become an employee of the Department of Sanitation.
This court, after hearing lengthy testimony of both parties, *744 finds that the defendant, in the past, honored labor complaints served on four separate occasions with the comptroller in 1961, 1963, 1966 and 1967 by the plaintiff and others in the same manner. It would be a deprivation of the plaintiff’s rights as a lay person and laborer for defendant to now assert that he failed to file with the Industrial Commissioner and is thus barred from collecting. Each of those past complaints was settled with the comptroller, except for the one filed in July 1, 1968. This court holds that the plaintiff, being a working person with no knowledge of the intricacies of reservations between the Authority and the comptroller, filed a valid complaint. It would be unconscionable, after giving him permission to transfer to the Sanitation Department, to limit settlement and payment to "only those on the present payroll.” (Emphasis supplied.)
The defendant is estopped as a public benefit corporation as a municipal corporation would be. (See Planet Constr. Corp. v Board of Educ. of City of N. Y., 7 NY2d 381; Quintero v Long Is. R.R., 55 Misc 2d 813.)
Subdivisions 7 and 8 of section 220 of Labor Law were enacted for benefit of laborers engaged in public work and to provide such persons with effective legal remedies in securing objects for which the statute was enacted. (Matter of Yerry v Goodsell, 4 AD2d 395; Austin v City of New York, 258 NY 113.)
It is the contention of this court that Nolan v New York City Housing Auth. (199 Misc 599, affd 278 App Div 762), relied upon by the defendant is ■ inapplicable. The question there (p 601) was "whether an agreement by the city as to what the prevailing rate of wages shall be deemed to be is binding upon the [New York City Housing] authority.”
That is not the issue here — this court feels the issue is the meaning of the phrase "presently employed people.” (Emphasis supplied.) Plaintiff received permission to transfer to the Sanitation Department. He performed his work during the period in question just as others did who recovered. To deprive bim of his right to recover because he isn’t "presently in the employ of The Authority” is to hide behind a sham. He performed his job — there was no question of his performance. Plaintiff filed in same manner and custom previously and recovered. To now deny him would be to say that a worker who performed similar work cannot receive equal pay in accordance with the "equal pay statute.” (Civil Service Law, *745 § 115.) It would be discrimination against him after giving him express permission to transfer to another agency. It would be against public policy and a departure from past treatment of similar complaints. Defendant is therefore estopped from denying him equal pay for equal performance. (See Matter of Kraus v Beame, 36 AD2d 989.)
Judgment for plaintiff in the amount of $847.26.